**No. 23-1840**

---

*In the*

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

# CLAIMANT-APPELLANT'S PRINCIPAL BRIEF

*Re*

---

**LARRY WILLIAMS,**

Claimant-Appellant,

*versus*

**DENIS MCDONOUGH,**
Secretary of Veterans Affairs,

Respondent-Appellee.

---

**On Appeal From the**
**United States Court of Appeals for Veterans Claims**
**In Vet. App. No. 21-6135, Judge Coral Wong Pietsch.**

---

**KENNETH M. CARPENTER**
Carpenter, Chartered
1525 Southwest Topeka Boulevard
Post Office Box 2099
Topeka, Kansas 66601
785-357-5251

Attorney for Claimant-Appellant

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

WILLIAMS V. DVA, NO. 23-1840

**Certificate of Interest**

Counsel for the Claimant-Appellant certifies the following information is accurate and complete to the best of my knowledge:

1. **Represented Entities. Fed. Cir. R. 47.4(a)(1).**

   The full name of all entities represented by undersigned counsel in this case:

   Larry Williams.

2. **Real Party in Interest. Fed. Cir. R. 47.4(a)(2).**

   Full names of all real parties in interest for the entities. (Do not list the real parties if they are the same as the entities):

   Same.

3. **Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3).**

   Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more of stock in the entities:

   None.

4. **Legal Representatives. Fed. Cir. R. 47.4(a)(4).**

   List all law firms, partners and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this Court for the entities. (Do not include those who have already entered an appearance in this

court):

Britney Sutton, Esq.,
Evan T. Snipes, Esq.
Sutton Snipes, LLP
2800 Old Dawson Road, Suite 2 #206
Albany, GA 31707

5. **Related Cases. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).**

The case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal:

None.

6. **Organizational Victims and Bankruptcy Cases. Fed. Cir. R. 47.4(a)(6).**

Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1( c) (bankruptcy case debtors and trustees):

None.

Date: August 29, 2023

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

# Table of Contents

**Page**


Certificate of Interest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of Related Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Statement of Subject-Matter and Appellate Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A. Nature of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B. Statement of Facts, Course of Proceedings and Disposition Below. . . . 2

Summary of the Arguments.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Arguments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II. The Veterans Court's legal determination that the regulatory requirements of 38 C.F.R. § 3.156(a) (1979) are satisfied when the Secretary issues a statement of the case ("SOC") misinterprets that regulation.. . . . . . . . . . . . . . . . . . . . . . . . . . 6

A. The law and regulation in 1979. . . . . . . . . . . . . . . . . . . . . . . . . . 6

B. The Veterans Court's legal determination. . . . . . . . . . . . . . . . . . . 8

C. Why the Veterans Court's legal determination misinterprets § 3.156(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Page**

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Addendum - Memorandum Decision of the Veterans Court. . . . . . . . . . . . . . . . . . . 17

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## Table of Authorities

**Page**

### Decisions

*Beraud v. McDonald*, 766 F.3d 1402 (Fed. Cir. 2014). . . . . . . . . . . . . . . 2, 5, 12, 13, 14, 15,

*Bond v. Shinseki*, 659 F.3d 1362 (Fed. Cir 2011). . . . . . . . . . . . . . . . . . . . 2, 5, 11, 12, 13

*Ingram v. Nicholson*, 21 Vet. App. 232 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Lynch v. McDonough*, 21 F.4th 776 (Fed. Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Prenzler v. Derwinski*, 928 F.2d 392 (Fed. Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Voracek v. Nicholson*, 421 F.3d 1299 (Fed. Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . 12

*Young v. Shinseki*, 22 Vet. App. 461 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

### Statutes

38 U.S.C. § 501. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

38 U.S.C. § 4005(d)(1) (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

38 U.S.C. § 4005(d)(1)(A)(1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

38 U.S.C. § 7292(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

38 U.S.C. § 7292(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

38 U.S.C. §7292(d)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

38 U.S.C. §7292(e)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

### Regulations

38 C.F.R. § 3.156 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

38 C.F.R. § 3.156(a) (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

**Appx Page**

38 C.F.R. § 3.156(b) (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## Other

https://uscode.house.gov/statviewer.htm ?volume=76&page=553
(last visited July 27, 2023). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## Statement of Related Cases

Pursuant to Fed. Cir. R. 47.5, the undersigned counsel states that no other appeal has been taken in this case in or from the United States Court of Appeals for Veterans Claims before this Court or any other appellate court.

Undersigned counsel further states that he is unaware of any cases pending before this Court which would directly affect this Court's decision in this appeal.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

## Statement of Subject-Matter and Appellate Jurisdiction

On January 4, 2023, the United States Court of Appeals for Veterans Claims ("Veterans Court") issued a Memorandum Decision that affirmed the decision of the Board of Veterans' Appeals ("Board") dated May 11, 2021. On March 27, 2023, Mr. Williams timely appealed the Veterans Court decision to this Court. This Court has jurisdiction to review this decision pursuant to 38 U.S.C. §§ 7292(a), (c). The issues on appeal are entirely issues of law. The Veterans Court decision appealed from is final.

## Statement of the Issue

Whether the Veterans Court's legal determination that when the Secretary issues a statement of the case it satisfies the regulatory requirements of 38 C.F.R. § 3.156(a) (1979) misinterprets that regulation?

## Statement of the Case

### A. Nature of the Case.

This appeal involves an issue of regulatory interpretation, specifically whether, under the correct interpretation of 38 C.F.R. § 3.156(a)(1979)[1], when VA issues a SOC,

---

[1] In the underlying case both the parties and the Veterans Court referred to 38 C.F.R. § 3.156(b). However, the version of § 3.156 extant in 1979 had subparagraphs (a) and (b). The version of § 3.156 at the time of this Court's decisions in *Bond* and *Beraud* was in subparagraph (b) and not in subparagraph (a). To minimize confusion, except when identifying the text as it existed in 1979, Mr. Williams will use § 3.156(b) because the parties and the Veterans Court used this version of § 3.156(b) in the case below.

does this action satisfy the regulatory requirements of § 3.156(a) as interpreted by this Court in *Bond v. Shinseki*, 659 F.3d 1362 (Fed. Cir 2011), and *Beraud v. McDonald*, 766 F.3d 1402, 1405-07 (Fed. Cir. 2014)?

**B. Statement of the Facts, Course of Proceedings and Disposition Below.**

Mr. Williams served on active duty in the United States Navy from August 1972 to March 1974. Appx16.[2] He submitted a claim to VA for service-connected disability compensation for schizophrenia in April 1978. Appx17. In June 1978 VA hospital treatment records noted Mr. Williams was admitted with suicidal and homicidal ideations. Appx18-21. A July 1978 VA notice letter and rating decision informed Mr. Williams that his claim was denied. Appx22-25. The VA determined Mr. Williams's service treatment records ("STRs") were negative for treatment or diagnosis of schizophrenia, there was no medical evidence to show schizophrenia within one year of separation, and medical findings did not show a disability that would permanently prevent Mr. Williams from obtaining some form of substantially gainful employment. Appx24. In January 1979 Mr. Williams submitted a notice of disagreement ("NOD") with this decision, which included his statement advising VA he had been readmitted to the VA medical center ("VAMC") in January 1979 for treatment of his schizophrenia. Appx26.

Within one year of the July 1978 rating decision that denied his schizophrenia

[1] References to the Joint Appendix to be filed by the Appellant with his reply brief are cited as "Appx___ ."

service-connection claim, the VA received the VA hospital treatment records Mr. Williams identified in his NOD dating from January 1979. These treatment records noted Mr. Williams's doctors diagnosed him with chronic schizophrenia, paranoid type. Appx27-29. On June 12, 1979, the VA issued a second rating decision noting VA had received this evidence following the July 1978 rating decision. Appx30. The June 1979 rating decision determined these medical treatment records showed a current condition. *Id.* The June 1979 rating decision then confirmed the previous denial. *Id.* On June 20, 1979 the VA issued a SOC in response to Mr. Williams's January 1979 NOD. Appx31-36. Mr. Williams did not complete this appeal with the submission of a VA Form 9.

Subsequently, after several failed attempts to reopen his schizophrenia service-connection claim, in June 2009 Mr. Williams filed another claim to reopen. Appx37-40. The VA again denied reopening his claim in an April 2010 rating decision. Appx41-46. Mr. Williams then timely initiated and completed an appeal of the decision to deny his schizophrenia claim to the Board. *See* Appx47 and Appx48. On this occasion the Board issued a September 2013 decision reopening his claim and granting him service connection for an acquired psychiatric disorder. Appx49-55. A September 2013 rating decision implemented the Board's grant of service connection by awarding him a 100-percent schedular evaluation for schizophrenia, effective June 4, 2009. Appx56-58.

Mr. Williams disagreed with the June 2009 effective date assigned to his compensation award. He timely initiated and completed an appeal to the Board to challenge the effective date assigned his award of service connection. *See* Appx59 and Appx60. In February 2019, the Board issued its decision denying Mr. Williams an earlier effective date for his award of compensation for his schizophrenia. Appx61-71. Mr. Williams then appealed to the Veterans Court, which vacated and remanded the Board's denial of an earlier effective date for his schizophrenia award for readjudication. Appx72-76.

The explicit basis for the Veterans Court's remand was for the Board to consider Mr. Williams's argument that the July 1978 rating decision remained open because a June 1979 SOC did not sufficiently consider and respond to the new VA medical treatment records he filed as new evidence within one year of the July 1978 rating decision. *Id.* On May 11, 2021, the Board denied an effective date before June 4, 2009, for schizophrenia. Appx77-88. Regarding § 3.156(b), the Board determined it was inapplicable to the July 1978 rating decision and associated June 1979 SOC because the rating decision was final. Appx82. Mr. Williams appealed to the Veterans Court. On January 4, 2023, the Veterans Court affirmed. Appx1-8. On March 27, 2023, Mr. Williams appealed to this Court. Appx10.

## Summary of the Arguments

In this appeal Mr. Williams presents a question of regulatory interpretation concerning whether a SOC can act as a substitute for the Secretary's obligation to assess whether new and material evidence received relates to the claim pending as required by 38 C.F.R. § 3.156(a). Mr. Williams will argue that in accordance with this Court's interpretation of § 3.156(a) (1979) made in *Bond v. Shinseki*, 659 F.3d 1362 (Fed. Cir 2011), a SOC cannot, as a matter of law, be considered a substitute for the Secretary's obligation under § 3.156(b). There are at least two compelling reasons this is so. First, Congress expressly defined the purpose of a SOC and that purpose does not include conducting an assessment of whether the new and material evidence received during the periods set out in § 3.156(b) relate to the original claim. Second, in *Bond*, as here, there had been a SOC issued and this Court nevertheless determined that the obligation to make the assessment required by the regulation was self imposed as an independent duty separate and distinct from the duty to issue a SOC itself. The panel of this Court is bound by the interpretation made by the panel in *Bond* and as further relied upon in *Beraud v. McDonald*, 766 F.3d 1402, 1405-07 (Fed. Cir. 2014).

## Arguments

## I.

## Standard of Review.

This Court may decide all relevant questions of law in an appeal from a decision by the Veterans Court. 38 U.S.C. §7292(d)(1). This Court reviews legal determinations of the Veterans Court *de novo*. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). This Court reviews legal determinations of the Veterans Court *de novo*. *Lynch v. McDonough*, 21 F.4th 776, 779 (Fed. Cir. 2021). In doing so, this Court may "affirm or if the decision of the Court of Appeals for Veterans Claims is not in accordance with law, . . . modify or reverse the decision of the Court of Appeals for Veterans Claims or . . . remand the matter as appropriate." 38 U.S.C. §7292(e)(1).

## II.

## The Veterans Court's legal determination that the regulatory requirements of 38 C.F.R. § 3.156(a)(1979) are satisfied when the Secretary issues a statement of the case ("SOC") misinterprets that regulation.

### A. The law and regulation in 1979.

In 1979 the pertinent portion of the statute concerning the content of a SOC read as follows:

> Where the claimant, or the claimant's representative, within the time specified in this chapter, files a notice of disagreement with the decision of the agency of original jurisdiction, such agency will take such development or review action as it deems proper under the provisions of regulations

> not inconsistent with this title. If such action does not resolve the disagreement either by granting the benefit sought or through withdrawal of the notice of disagreement, such agency shall prepare a statement of the case. A statement of the case shall include the following:
>
> (A) A summary of the evidence in the case pertinent to the issue or issues with which disagreement has been expressed;
>
> (B) A citation or discussion of the pertinent law, regulations and where applicable, the provisions of the Schedule for Rating Disabilities;
>
> (C) The decision on each issue and a summary of the reasons therefor.

38 U.S.C. § 4005(d)(1) (1979). *See also* https://uscode.house.gov/statviewer.htm?volume=76&page=553 (last visited July 27, 2023).

In 1979 the Secretary's regulation, later relocated to subparagraph (b), regarding the duties of the VA when a claimant submits new and material evidence provided as follows:

> New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision, will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period.

38 C.F.R. § 3.156(a) (1979). This language is the same as the language later relocated to § 3.156(b) when this Court made its decisions in *Bond* and *Beraud*, *supra*. The only substantive difference being the version at the time these cases were decided included the title "Pending claim." It is noteworthy that the current version at the time of the Board

and Veterans Court decisions in Mr. Williams's case is exactly the same with one minor exception. This sole exception is the title, which has been amended to read: "Pending legacy claims not under the modernized review system." Otherwise the substantive text is the same.

**B. The Veterans Court's legal determination.**

The Veterans Court has provided an explanation of how it interpreted 38 C.F.R. § 3.156(b) (1979) in Mr. Williams's case, which he avers is a misinterpretation of this regulation. How the Veterans Court's interpreted the regulation reads as follows:

> But Mr. Williams does not reconcile his argument concerning § 3.156(b) with the fact that the RO issued a June 1979 SOC. He does not challenge the Board's finding that the June 1979 SOC considered all the evidence then of record, and he does not acknowledge that the June 1979 SOC denied service connection based on its express consideration of the January 1979 VA hospital summary confirming a diagnosis of "[c]hronic schizophrenia, paranoid type" and the February 1979 statement that he stopped working as a result of a nervous condition. Instead, Mr. Williams appears to suggest that the June 1979 confirmed rating decision was VA's only attempt to directly respond to that evidence received within 1 year of the July 1978 rating decision. He does not present any argument as to whether the June 1979 SOC was a determination that was directly responsive to that evidence, and he therefore fails to demonstrate that the July 1978 rating decision's finality could possibly be vitiated under § 3.156(b). *See Coker*, 19 Vet.App. at 442; *see also Cromer v. Nicholson*, 19 Vet.App. 215, 219 (2005) (holding that the Court will not address any argument "in the absence of the necessary factual predicate").

Appx7.

**C. Why the Veterans Court's legal determination misinterprets § 3.156(b).**

Nothing in the plain language used by the Secretary in any of his versions of § 3.156 makes any reference to a "SOC". Neither does this language reference that the SOC is to assess the evidence received in the specified time periods or the SOC being responsive to the evidence received. To the contrary, the pertinent language used by the Secretary is both specific and precise in what it directs VA adjudicators to do regarding that evidence. First, it identifies the subject of the required assessment, i.e., "New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision." 38 C.F.R. § 3.156(b). Second, it instructs that the identified evidence "will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." *Id.* Yet, the passage from the Veterans Court's decision just quoted, *supra* at Argument II.B, shows the Veterans Court imposed an extra requirement on Mr. Williams. The Veterans Court required him "to reconcile his argument concerning § 3.156(b) with the fact that the RO issued a June 1979 SOC," and explain how this is unsupported by the text of § 3.156(b). No such requirement is found in § 3.156(b). Thus, the Veterans Court's imposition of what are essentially extrajudicial requirements to what otherwise are clear and specific instructions stated in the regulation constitutes a misinterpretation of this regulation.

Likewise, nothing in the language used in § 3.156(b) required Mr. Williams to challenge the Board's finding that the June 1979 SOC considered all the evidence then

of record or to acknowledge that the June 1979 SOC denied service connection based on its express consideration of the new and material evidence received. Finally, there is no basis in the language used by the Secretary in § 3.156(b) requiring Mr. Williams to present any argument as to whether the June 1979 SOC was a determination that was directly responsive to the new evidence received in January 1979.

These burdens imposed upon Mr. Williams by the Veterans Court not only cannot be found in the text of § 3.156(b), they are in direct conflict with the statutorily defined purpose of a SOC as set out in 38 U.S.C. § 4005(d)(1) (1979). Congress was quite explicit regarding the content of a SOC. Congress unambiguously provided that a SOC must include three subjects. First, a SOC must include a summary of the evidence in the case pertinent to the issue or issues with which disagreement has been expressed. This would not include making either an implicit or an explicit determination as to whether the new and material evidence related to the original claim in order for the claim to be considered pending. Second, a SOC must include a citation to or discussion of the pertinent law or regulations. This also would not require a SOC to include making either an implicit or an explicit determination as to whether the new and material evidence related to the original claim in order for the claim to be considered pending. Third, a SOC must include the decision made by VA on each issue and a summary of the reasons for each such decision. As with the first two requirements, this would not require a SOC to include making either an implicit or an explicit determination as to whether the new and

material evidence related to the original claim in order for the claim to be considered pending.

The gravamen of Mr. Williams's appeal is that the Veterans Court's decision employed a misinterpretation of § 3.156(b), as interpreted by this Court in *Bond* and *Beraud*, to affirm the Board's denial of his claim. In that regard, this Court in *Bond* was clear,

> Because § 3.156(b) requires that the VA treat new and material evidence as if it was filed in connection with the pending claim, the VA must assess any evidence submitted during the relevant period and make a determination as to whether it constitutes new and material evidence relating to the old claim.

*Bond*, 659 F.3d at 1367. In this case, when the VA received new and material evidence in 1979, it **did not** treat that evidence as if it was filed in connection with the pending claim. This is obvious because VA never made an assessment of this evidence as to whether it constitutes new and material evidence relating to the old claim. This is evident from the record of proceedings. The record confirms that, once Mr. Williams's claim was fully developed by VA (unlike in 1979), he was awarded service connection for the specific disability diagnosed by VA in that new and material evidence VA received in 1979.

Furthermore, in *Bond* this Court held unambiguously that the issue before it was "whether the VA must make a determination as to whether evidence submitted during

the appeal period constitutes new and material evidence for purposes of § 3.156(b)." *Bond*, 659 F.3d at 1367. Equally clear in the *Bond* decision was that this issue was not before the Court in *Voracek v. Nicholson*, 421 F.3d 1299 (Fed. Cir. 2005), because Mr. Voracek did not allege that the VA failed to make such a determination. *Id.* Rather, in *Bond* this Court explicitly rejected the government's contention that *Voracek* somehow controlled the outcome in *Bond*. *Id.* Indeed, in *Bond* this Court was unequivocal that,

> . . . the obligation [required by § 3.156(b)] persists even where, as here, the RO has concluded that the submission in question also supports a new claim for an increased rating, for neither law—nor logic—dictates that evidence supporting a new claim cannot also constitute new and material evidence relating to a pending claim.

*Id.* at 1367-68. In Mr. Williams's case, although the new and material evidence was not ignored by VA on the basis that it was evidence supporting a new claim, this Court's admonition in *Bond* still applied.

In Mr. Williams's case the new and material evidence triggering the requirements of § 3.156(b) was a confirmed diagnosis, based on a period of inpatient treatment, of chronic schizophrenia, paranoid type. Appx27-29. The previous diagnosis of record was of "[p]ossible schizophrenic reaction." Appx18-21. The interpretation of § 3.156(b) made by this Court in *Bond* was that it imposed upon VA an obligation to make a determination upon receipt of this new and material evidence. In *Beraud*, this Court confirmed that *Bond* made clear that the VA's obligations under § 3.156(b) are not

optional. *Beraud*, 766 F.3d at 1406. In *Beraud*, this Court confirmed that VA was under an express regulatory obligation to make a determination regarding the character of the new evidence submitted, which it had not done. *Id.* This same failure occurred here in Mr. Williams's case.

No determination regarding the character of the new and material evidence received in this case of a confirmed diagnosis of chronic schizophrenia, paranoid type, based on a period of inpatient treatment, Appx27-29, has ever been made by VA. It was not made in 1979, it was not made in the June 1979 SOC, and it was not made by the Board in either its 2013 or 2021 decisions. All that the Board did was to state that VA's June 1979 SOC considered the entirety of the evidence of record. Appx83. This shows that the Board was **not** making a determination regarding the character of the new evidence submitted and the Veterans Court misinterpreted § 3.156(b) when it affirmed the Board's denial of an earlier effective date. The Board simply stated that VA's June 1979 SOC had considered the entirety of the evidence of record, which was precisely what a SOC was required to do under 38 U.S.C. § 4005(d)(1)(A)(1979).

Under the interpretation of § 3.156(b) this Court made in *Bond* and *Beraud*, the VA never made the determination its own regulation imposed upon it. This Court in *Beraud* was clear,

> We cannot, as the government requests, simply allow the VA to skirt its regulatory obligations by revisiting a disability determination based, yet again, on an incomplete record. To

> do so would strip § 3.156(b) of any significance.

*Beraud*, 766 F.3d at 1406. In a footnote, this Court explained further:

> The fact that Beraud could have appealed the 1990 Decision does not obviate this concern. Nothing about the 1990 Decision cured the VA's failure to fulfill its obligations under § 3.156 and nothing in that decision informed Beraud that his missing service medical records were ever considered for any purpose. Imposing such a burden on the veteran solely to excuse the VA from fulfilling its obligations is particularly unjustified in light of this court's repeated acknowledgment of the "claimant-friendly [nature] of this adjudicatory system" that has been "established for veterans' benefits." *Sprinkle v. Shinseki*, 733 F.3d 1180, 1189 (Fed.Cir.2013); *Bonner v. Nicholson*, 497 F.3d 1323, 1331 (Fed.Cir.2007) (noting the "obligatory veteran-friendly position of the law governing veterans' claims").

*See id.* at footnote 1.

Thus, just as the fact that Mr. Beraud could have appealed the 1990 rating decision in that case did not obviate VA's obligation under § 3.156(b), VA's June 1979 SOC in Mr. Williams's case, having fulfilled its statutory duty to summarize the evidence, did **not** obviate VA's obligation under § 3.156(b). Nothing about VA's June 1979 SOC cured, as a matter of law, the VA's failure to fulfill its obligations under § 3.156(b). This is so because nothing in that SOC informed Mr. Williams that his confirmed diagnosis of schizophrenia related to and caused his original claim to be in a pending status. Just as in *Beraud*, imposing such a burden on Mr. Williams solely to excuse the VA from fulfilling its obligations would be particularly unjustified in light of this Court's repeated

acknowledgment that VA's adjudicatory system was designed by Congress to be claimant-friendly.

Section 3.156 was originally promulgated by the Secretary under his 38 U.S.C. § 501 authority because the Secretary saw a need consistent with the law he administered which would protect claimants from the finality of erroneous VA decisions and to ensure that newly received evidence would be addressed in a particular way. This regulation is entirely consistent with the adjudicatory system designed by Congress to be claimant-friendly. It follows then that when, as in Mr. Williams's case, if and until VA fulfills its obligation under § 3.156(b), his original 1978 claim remains pending and unadjudicated and a subsequent award of benefits may date back to the original date of the claim. *See Beraud*, 766 F.3d at 1407; *Young v. Shinseki*, 22 Vet. App. 461, 468-69 (2009); *see also Ingram v. Nicholson*, 21 Vet. App. 232, 240 (2007) ("[A] claim remains pending–even for years–if the Secretary fails to act on a claim before him."). Subsequent intervening adjudications, including the issuance of an SOC by VA, that fail to make the determination required by § 3.156(b), do not terminate the pendency of the original claim. This is axiomatic in Mr. Williams's case. The "VA's obligations under § 3.156(b) are not optional" and cannot be satisfied by adjudications based on an incomplete record. Beraud, 766 F.3d at 1406. In these circumstances the pending claim remains open until VA provides a determination that is "directly responsive to the new submission." *Id.* at 1407. The VA has not provided Mr. Williams with any such determination case in this

matter.

## Conclusion

For the foregoing reasons, the Court should reverse the decision of the Veterans Court and instruct the Veterans Court to vacate the Board's May 11, 2021 decision which unlawfully denied Mr. Williams consideration of an effective date from the date of his original 1979 claim as required by 38 C.F.R. § 3.156(b), when this regulation correctly interpreted and applied.

Respectfully Submitted,

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

Attorney for Claimant-Appellant

# ADDENDUM - CAVC MEMORANDUM DECISION

*Designated for electronic publication only*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 21-6135

LARRY WILLIAMS, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before PIETSCH, *Judge*.

**MEMORANDUM DECISION**

*Note: Pursuant to U.S. Vet. App. R. 30(a), this action may not be cited as precedent.*

PIETSCH, *Judge*: Larry Williams appeals through counsel a May 11, 2021, Board of Veterans' Appeals (Board) decision that denied entitlement to an effective date earlier than June 4, 2009, for the grant of service connection for schizophrenia and an effective date earlier than June 4, 2009, for the grant of special monthly compensation (SMC) based on the need for regular aid and attendance.[1] This appeal is timely, and the Court has jurisdiction to review the Board's decision under 38 U.S.C. §§ 7252(a) and 7266(a). Single-judge disposition is appropriate because the issue is of "relative simplicity" and "the outcome is not reasonably debatable." *Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990). For the reasons that follow, the Court affirm the part of the Board's May 11, 2021, decision denying effective dates earlier than June 4, 2009, for the grants of schizophrenia and SMC.

---

[1] The Board granted an earlier effective date of June 4, 2009, for the grant of SMC based on the need for regular aid and attendance. This is a favorable determination that the Court will not disturb. *See Medrano v. Nicholson*, 21 Vet.App. 165, 170 (2007).

## I. BACKGROUND

Mr. Williams had active service in the U.S. Navy from August 22, 1972 to March 1, 1974, with time lost from March 30 to April 5, 1973; October 1 to October 2, 1973; and October 31 to November 24, 1973. Record (R.) at 3993.

In April 1978, Mr. Williams filed a claim for compensation for schizophrenia. *See* R. at 8, 3954.[2] In June 1978, VA received a copy of a VA hospital summary showing a diagnosis of "[p]ossible schizophrenic reaction." R. at 3942-45.

In a July 1978 rating decision, the VA regional office (RO) denied service connection for schizophrenia, and the RO provided Mr. Williams notice of this decision. R. at 3938-41. In January 1979, Mr. Williams filed a Notice of Disagreement (NOD) with the denial of service connection, and he requested that VA obtain VA treatment records concerning his admission "to [the] Louisville [VA Medical Center (VAMC)] on [January 10, 1979]." R. at 3936. In February 1979, VA received a copy of a Louisville VAMC hospital summary showing a diagnosis of "[c]hronic schizophrenia, paranoid type" following an admission from January 10, 1979, to February 7, 1979. R. at 3909-11. In either February or April 1979,[3] VA received an income-net-worth-and-employment statement in which Mr. Williams reported that he had stopped working "due to nerves" and that he would apply for Social Security benefits. R. at 3913-14.

In a June 12, 1979, "a confirmed rating decision" (VA Form 21-6789), the RO noted that evidence was received after the July 1978 rating decision, and the RO confirmed the previous denial of service connection for schizophrenia. R. at 3904.

On June 13, 1979, the RO issued a Statement of the Case (SOC) denying service connection for schizophrenia. R. at 3898-03. In the SOC, the RO noted that in a June 12, 1979, decision, "[i]t was held . . . that no change was warranted in the previous denial of service connection for schizophrenia . . . . This is the first notice to the veteran of this decision." R. at 3902. The RO expressly considered the VAMC hospital summary and the income-net-worth-and-employment statement that VA had received within 1 year of the July 1978 rating decision. *Id.* Thereafter, Mr. Williams did not perfect his appeal by filing a Substantive Appeal.

---

[2] A complete copy of the April 1978 claim is not in the record of proceedings. R. at 8.

[3] Both time stamps appear on this evidence. Regardless, there is no dispute that VA received that statement within 1 year of the July 1978 rating decision.

On June 4, 2009, Mr. Williams submitted a claim to reopen the previously denied claim for service connection for schizophrenia. R. at 3356-62. The RO declined to reopen the claim; Mr. Williams appealed; and in a September 2013 decision, the Board reopened the claim for service connection for schizophrenia and granted entitlement to service connection on the merits. R. at 2571-77.

In a September 2013 rating decision, VA implemented the Board's grant of service connection and assigned a 100% disability rating for schizophrenia, effective June 4, 2009. R. at 2542-48, 2567-69. Mr. Williams filed an NOD with the effective date for the grant of service connection, R. at 2466; the RO issued an SOC denying an earlier effective date for the grant of service connection for schizophrenia, R. at 2221-40; and Mr. Williams perfected this appeal by filing through counsel a VA Form 9, R. at 1042.

In November 2015, the RO denied entitlement to SMC based on the need for aid and attendance. R. at 1028-36, 1051-53. Mr. Williams filed through counsel an NOD with this decision. R. at 1025-27. In a March 2016 rating decision, the RO granted entitlement to SMC based on the need for regular aid and attendance, assigning an effective date of February 25, 2015. R. at 918-22, 926-28. Mr. Williams filed an NOD with the effective date for the grant of SMC, R. at 886-88; the RO issued an SOC denying an earlier effective date for the grant of SMC, R. at 718-44; and Mr. Williams perfected this appeal by filing a VA Form 9, R. at 380-81. In October 2018, Mr. Williams, represented by counsel, testified at a Board hearing. R. at 273-89.

In a February 2019 decision, the Board denied an effective date earlier than June 4, 2009, for the grant of service connection for schizophrenia and granted an effective date of February 5, 2014, but no earlier, for the award of SMC. R. at 252-62. Mr. Williams appealed through counsel this decision to the Court. In briefing, Mr. Williams noted that in filings dated before July 1979, he had notified VA of his admission to the VAMC on January 10, 1979, and that he had left his job and would apply for Social Security benefits. He argued that VA had not directly responded to his filings because VA had not requested records from the Social Security Administration, and that therefore the July 1978 rating decision was not final under 38 C.F.R. § 3.156(b). And he acknowledged that VA had received VAMC records. *See* Oct. 23, 2019, Appellant's Brief, filed in *Williams v. McDonough*, U.S. Vet. App. No. 19-2134. In August 2020, the Court vacated the Board's February 2019 denials of earlier effective dates and remanded those matters for further proceedings. R. at 159-63. In December 2020, Mr. Williams argued through counsel that the July

1978 rating decision was not final under § 3.156(b), with no mention of the June 1979 rating decision. R. at 52-62.

In the May 2021 Board decision on appeal, the Board denied entitlement to an effective date earlier than June 4, 2009, for the grant of service connection for schizophrenia and an effective date earlier than June 4, 2009, for the grant of SMC based on the need for regular aid and attendance. R. at 5-16.

On appeal, Mr. Williams argues that the Board failed to provide adequate reasons or bases for its denial of an earlier effective date for schizophrenia. He also argues that the issue of an earlier effective date for SMC should be remanded as intertwined with the issue of an earlier effective date for schizophrenia.

In response, the Secretary urges the Court to affirm the Board's decision.

## II. ANALYSIS

### A. Effective Date for Schizophrenia

The Board is required to provide reasons or bases for its findings and conclusions on all material issues of fact and law presented in the record, and those reasons or bases must be adequate to enable an appellant to understand the precise basis for the Board's decision as well as to facilitate review in this Court. 38 U.S.C. § 7104(d)(1); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds to be persuasive or unpersuasive, and provide reasons for rejecting any material evidence favorable to the claimant. *Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table).

Generally, "the effective date of an evaluation and award of . . . compensation . . . based on an original claim, [or] a claim reopened after final disallowance, . . . will be the date of receipt of the claim or the date entitlement arose, whichever is the later." 38 C.F.R. § 3.400 (2018); *see* 38 U.S.C. § 5110(a) (2018). Generally, when the RO properly notifies the claimant of a rating decision denying the claim, the claimant files an NOD, the RO issues an SOC, and the claimant does not file a Substantive Appeal, the rating decision becomes final. 38 U.S.C. § 4005(c) (1976) (redesignated in 1991 as 38 U.S.C. § 7105(c)). "A claim for benefits, whether formal or informal, remains pending until it is finally adjudicated." *Adams v. Shinseki*, 568 F.3d 956, 960 (Fed. Cir. 2009). "If a claim is left pending, it can be addressed when a subsequent claim for the same

disability is adjudicated by [VA], in which case the effective date for any award of benefits will be the effective date applicable to the original claim." *Id.*

Mr. Williams argues that the Board should have addressed whether VA not sending him a copy of the June 1979 confirmed rating decision "impacted the finality of the July 1978 rating decision." Appellant's Brief (Br.) at 9. Specifically, he argues that the Board should have addressed whether "VA's failure to send that [June 1979 rating] decision . . . fulfilled § 3.156(b) requirements to provide a direct response to the January 1979 VA hospital summary confirming a diagnosis of '[c]hronic schizophrenia, paranoid type'" and the February 1979 statement that he stopped working as a result of a nervous condition. *Id.* at 10-11. And he asserts:

> The July[sic] 1979 Rating Decision was an attempt by the VA to fulfill § 3.156(b) requirements. But because the VA never sent that decision to Mr. Williams, the VA failed to provide a determination directly responsive to Mr. Williams's new evidence submitted within one year of the July 1978 Rating Decision.

*Id.* at 11.

In response, the Secretary urges the Court to affirm the Board's decision. He notes that the Board determined that the June 1979 SOC considered the entirety of the record, and that Mr. Williams "does not contend that he did not receive the June 1979 SOC." Secretary's (Sec.) Br. at 12, 14. The Secretary argues: "He did not respond to the June 1979 SOC by submitting a [S]ubstantive [A]ppeal . . . . Therefore, he has failed to show how his April 1978 claim . . . could possibly have remained open." *Id.* at 14. And the Secretary argues that "the June 1979 confirmed rating decision has no procedural significance because his claim for service connection for schizophrenia was already in appellate status at the time the confirmed rating decision was issued" by virtue of Mr. Williams's January 1979 NOD. *Id.* at 14-15.

The Court agrees with the Secretary. Here, the Board acknowledged that the RO had denied the claim for service connection for schizophrenia in a July 1978 rating decision; that the RO notified Mr. Williams of this decision; and that Mr. Williams filed an NOD with this decision in January 1979. R. at 8. The Board explained that in a June 1979 SOC, the RO considered the entirety of the evidence of record and denied the claim, and that because Mr. Williams did not file a timely Substantive Appeal after that SOC, the July 1978 rating decision is final. R. at 9-11. The Board rejected Mr. Williams's argument to the Agency that the July 1978 rating decision was not final under 38 C.F.R. § 3.156(b) because the June 1979 SOC purportedly failed to sufficiently address evidence filed within 1 year of the July 1978 rating decision. R. at 10-11. And the Board found

that the exception to finality under § 3.156(b) did not apply to the July 1978 rating decision. R. at 11. The Board did not mention the June 1979 rating decision.

First, though it is true that when VA fails to notify a claimant of a decision denying a claim, the claim remains pending, *Cogburn v. Shinseki*, 24 Vet.App. 205, 210 (2010) (citing *Cook v. Principi*, 318 F.3d 1334, 1340 (Fed. Cir. 2002) (en banc)), Mr. Williams does not challenge the Board's finding that the RO properly notified him of the July 1978 denial of his claim. Instead, his brief focuses on how VA did not send him a copy of the June 1979 "confirmed rating decision." Mr. Williams does not articulate any argument as to how the VA not sending him a copy of the June 1979 confirmed rating decision could have somehow invalidated the RO's notice to him of the July 1978 denial of his claim. Nor does he reconcile his argument with how the June 1979 SOC notified him of its June 1979 confirmed rating decision.

Even if the Court assumes that VA did not properly notify Mr. Williams of the interlocutory June 1979 confirmed rating decision, Mr. Williams does not reconcile his argument with the fact that, by virtue of his January 1979 NOD, his claim was pending in appellate status at the time of the June 1979 confirmed rating decision. A claim remains pending when an NOD has not yet been processed. *See Myers v. Principi*, 16 Vet.App. 228, 235 (2002) (citing *Tablazon v. Brown*, 8 Vet.App. 359, 361 (1995)). Mr. Williams does not dispute that his NOD was processed when the RO issued a June 1979 SOC, and he does not challenge the Board's conclusion that the July 1978 rating decision is final because he filed no timely Substantive Appeal after the June 1979 SOC.

Ultimately, Mr. Williams fails to demonstrate how VA not sending him a copy of the June 1979 confirmed rating decision could possibly vitiate the finality of the July 1978 rating decision. *See Coker v. Nicholson*, 19 Vet.App. 439, 442 (2006) (stating that an appellant must "plead with some particularity the allegation of error so that the Court is able to review and assess the validity of the appellant's arguments"), *rev'd on other grounds sub nom. Coker v. Peake*, 310 F. App'x 371 (Fed. Cir. 2008) (per curiam order).

Second, it is true that 38 C.F.R. § 3.156(b) (2018) (previously 38 C.F.R. § 3.156(a) (1978)) provides an exception to the finality of a rating decision that is otherwise final. *See Beraud v. McDonald*, 766 F.3d 1402, 1405-07 (Fed. Cir. 2014). When a veteran files, within 1 year of an RO decision, a submission that may contain new and material evidence, "under § 3.156(b), the VA must provide a determination that is directly responsive to the new submission and . . . , until it

does so, the claim at issue remains open." *Id.* at 1406-07. But Mr. Williams does not reconcile his argument concerning § 3.156(b) with the fact that the RO issued a June 1979 SOC. He does not challenge the Board's finding that the June 1979 SOC considered all the evidence then of record, and he does not acknowledge that the June 1979 SOC denied service connection based on its express consideration of the January 1979 VA hospital summary confirming a diagnosis of "[c]hronic schizophrenia, paranoid type" and the February 1979 statement that he stopped working as a result of a nervous condition. Instead, Mr. Williams appears to suggest that the June 1979 confirmed rating decision was VA's only attempt to directly respond to that evidence received within 1 year of the July 1978 rating decision. He does not present any argument as to whether the June 1979 SOC was a determination that was directly responsive to that evidence, and he therefore fails to demonstrate that the July 1978 rating decision's finality could possibly be vitiated under § 3.156(b). *See Coker*, 19 Vet.App. at 442; *see also Cromer v. Nicholson*, 19 Vet.App. 215, 219 (2005) (holding that the Court will not address any argument "in the absence of the necessary factual predicate").

Finally, the Court notes that during his appeal seeking an earlier effective date for the grant of service connection for schizophrenia, Mr. Williams was represented by counsel before, during, and since his prior appeal before this Court. Mr. Williams does not assert that he or any counsel raised to the Agency any of the particular arguments that he now raises, for the first time, to the Court. Accordingly, he fails to otherwise demonstrate that the Board was required to address these particular arguments. *Cf. Robinson v. Peake*, 21 Vet.App. 545, 552-56 (2008) (generally requiring VA to address issues that are reasonably raised by the record or raised by a sympathetic reading of the claimant's filings). And given that he raises these particular arguments for the first time in this appeal before the Court, we remind Mr. Williams's counsel that "[a]dvancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation." *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990).

For the above reasons, Mr. Williams has not demonstrated that the Board erred when it denied entitlement to an effective date earlier than June 4, 2009, for the grant of service connection for schizophrenia, and the Court will affirm the Board's decision. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (holding that the appellant bears the burden of demonstrating error on appeal), *aff'd per curiam*, 232 F.3d 908 (Fed. Cir. 2000).

B. Effective Date for SMC

Mr. Williams argues that his appeal seeking entitlement to an earlier effective date for the grant of SMC should be remanded as inextricably intertwined with the issue of entitlement to an earlier effective date for the grant of service connection for schizophrenia. *See* Br. at 8, 13-14. Because the Court is affirming the Board's denial of an earlier effective date for the grant of service connection for schizophrenia, the Court will also affirm the Board's denial of an earlier effective date for the grant of SMC based on the need for regular aid and attendance. *Cf. Henderson v. West*, 12 Vet.App. 11, 20 (1998) (remanding a claim as inextricably intertwined with another claim that the Court had decided to remand).

**III. CONCLUSION**

After consideration of the parties' briefs and a review of the record, the part of the Board's May 11, 2021, decision denying effective dates earlier than June 4, 2009, for the grant of service connection for schizophrenia and the grant of SMC based on the need for regular aid and attendance is AFFIRMED.

DATED: January 4, 2023

Copies to:

Evan T. Snipes, Esq.

VA General Counsel (027)

## Certificate of Service

I certify that on the 29th day of August, 2023, the foregoing opening brief was electronically filed through CM/ECF system with the Clerk, United States Court of Appeals for the Federal Circuit. Copies of the document were served through the Court's CM/ECF system via the Notice of Docket Activity to:

Daniel F. Roland, Esq.
Department of Justice
Civil Division, Commercial Litigation Branch
daniel.f.roland@usdoj.gov

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

## Certificate of Compliance

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Appellant's counsel certifies that this Brief complies with the Court's type-volume limitation rules. This brief was printed in Garamond font at 14 points. According to the word-count calculated, using WordPerfect v. X6 this Brief contains a total of 3881 words, which is within the 14,000 word limit.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com