No. 2023-1840

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LARRY WILLIAMS,

Claimant-Appellant,

v.

DENIS MCDONOUGH,

Respondent-Appellee.

# BRIEF FOR RESPONDENT-APPELLEE

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

MARTIN F. HOCKEY, JR.
Deputy Director

DANIEL F. ROLAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tele: (202) 305-0514

October 23, 2023

*Attorneys for Respondent-Appellee*

# TABLE OF CONTENTS

**PAGE**


TABLE OF AUTHORITIES ........................................................................... iii

STATEMENT OF RELATED CASES ................................................................... 1

STATEMENT OF THE ISSUE ........................................................................... 2

STATEMENT OF THE CASE ........................................................................... 3

I. Nature Of The Case ........................................................................... 3

II. Statement Of Facts And Course Of Proceedings Below ..................... 4

A. Factual Background ................................................................. 4

B. In Light Of New Evidence, The Board Grants Service Connection ........................................................................... 6

C. The Board Twice Denies Mr. Williams An Earlier Effective Date For Schizophrenia ........................................... 7

D. The Veterans Court Determines That Mr. Williams Failed To Show That The VA Did Not Satisfy The Requirements of 38 C.F.R. § 3.156(b) ..................................... 8

SUMMARY OF THE ARGUMENT ................................................................. 10

ARGUMENT ................................................................................................. 12

I. Standard Of Review And Scope Of Jurisdiction .............................. 12

II. The Veterans Court's Decision Should Be Affirmed ........................ 13

A. Mr. Williams Identifies No Authority Indicating That The VA Cannot Satisfy The Requirements Of § 3.156(b) When Issuing A SOC, And He Disregards Recent Precedent Undercutting His Position..................................... 13

B. Mr. Williams's Assertions That The VA Never Considered The 1979 VAMC Hospital Summary And The Veterans Court Misinterpreted § 3.156(b) Are Misguided........................................................................ 20

CONCLUSION ........................................................................................... 26

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Beraud v. McDonald*,
766 F.3d 1402 (Fed. Cir. 2014)............................................................*passim*

*Bond v. Shinseki*,
659 F.3d 1362 (Fed. Cir. 2011)............................................................*passim*

*Breland v. McDonough*,
22 F.4th 1347 (Fed. Cir. 2022) ...................................................................12

*Hamilton v. Brown*,
39 F.3d 1574 (Fed. Cir. 1994)......................................................................18

*Hampton v. McDonough*,
68 F.4th 1376 (Fed. Cir. 2023) ............................................................*passim*

*Pickett v. McDonough*,
64 F.4th 1342 (Fed. Cir. 2023) ............................................................*passim*

*Rivera v. Shinseki*,
654 F.3d 1377 (Fed. Cir. 2011)....................................................................18

*Singleton v. Shinseki*,
659 F.3d 1332 (Fed. Cir. 2011)....................................................................13

*Wanless v. Shinseki*,
618 F.3d 1333 (Fed. Cir. 2010)....................................................................12

*Wilson v. Mansfield*,
506 F.3d 1055 (Fed. Cir. 2007)....................................................................18

**STATUTES**

38 U.S.C. § 7292..............................................................................................12
38 U.S.C. § 7292(a) ..........................................................................................12

38 U.S.C. § 7292(c) ....................12, 13
38 U.S.C. § 7292(d)(2) ....................13

**REGULATIONS**

38 C.F.R. § 3.156(a) (1979) ....................14
38 C.F.R. § 3.156(b) ....................*passim*
38 C.F.R. § 19.26(a) ....................19
38 C.F.R. § 19.26(d) ....................19
38 C.F.R. § 19.114 (1979) ....................19
38 C.F.R. § 19.115 (1979) ....................19

## STATEMENT OF RELATED CASES

Pursuant to Rule 47.5 of this Court's rules, counsel for respondent-appellee states that he is unaware of any other appeal from this civil action that was previously before this Court or any other appellate court under the same or similar title. Counsel is also unaware of any case pending in this or any other court that may directly affect or be affected by this Court's decision in this appeal.

No. 2023-1840

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

LARRY WILLIAMS,

Claimant-Appellant,

v.

DENIS MCDONOUGH,

Respondent-Appellee.

BRIEF FOR RESPONDENT-APPELLEE

## STATEMENT OF THE ISSUE

Whether the Veterans Court correctly determined that the requirement of of 38 C.F.R. § 3.156(b)—*i.e.*, to consider whether additional evidence was "new and material" to Mr. Williams's claim—was satisfied when the Department of Veterans Affairs (VA) issued a Statement of the Case (SOC) that not only indicated that the VA had considered the additional evidence but also cited a rating decision that had expressly determined the evidence was "not new [and] material."

## STATEMENT OF THE CASE

### I. Nature Of The Case

Mr. Williams appeals from a January 2023 decision of the United States Court of Appeals for Veterans Claims (Veterans Court) that affirmed the Board of Veterans' Appeals' (Board) May 2021 determination that denied Mr. Williams an effective date earlier than June 4, 2009, for the grant of service connection for schizophrenia. Specifically, Mr. Williams appeals the Veterans Court's determination that the VA met the requirements of 38 C.F.R. § 3.156(b) when issuing a SOC in 1979 and that, as a result, the finality of the VA's 1978 rating decision was not vitiated under § 3.156(b). Put differently, Mr. Williams asserts that his original claim remains open because, according to him, the VA did not—and as a matter of law cannot—comply with § 3.156(b)'s requirement to consider whether additional evidence on the record is "new and material" in a SOC. Of course, as we demonstrate below, this assertion runs counter to the long-established purpose of a SOC, which certainly can address new issues raised in a claim and is itself a decision of the regional office.

## II. Statement Of Facts And Course Of Proceedings Below

### A. Factual Background

Mr. Williams served on active duty in the U.S. Navy from August 1972 to March 1974. Appx16.[1] In April 1978, he submitted a claim to the VA for service-connected disability compensation for schizophrenia. Appx17. After the VA received a VA hospital summary showing a diagnosis of "[p]ossible schizophrenic reaction," Appx18–21, the VA regional office (RO) denied service connection for schizophrenia in a July 1978 rating decision, Appx22–25. According to the 1978 rating decision, Mr. Williams's service records showed a "normal psychiatric eval" during his separation exam and a diagnosis for schizophrenia was deemed "uncertain." Appx24. The 1978 rating decision concluded that there was "no medical evidence to show schizophrenia manifesting itself to a compensable degree within the one year following separation" and that medical findings did "not show disability that would permanently prevent [Mr. Williams] from following some form of substantially gainful employment." *Id.*

In January 1979, Mr. Williams submitted a notice of disagreement (NOD) with the RO denial and requested that the VA obtain treatment records concerning his recent admission to the Louisville VA Medical Center (VAMC) for

---

[1] Citations to "Appx__" refer to pages of the Joint Appendix to be filed by Mr. Williams with his reply brief.

schizophrenia. Appx26. The next month, following an admission from January 10 to February 7, 1979, the VA received a copy of a Louisville VAMC hospital summary showing a diagnosis of "[c]hronic schizophrenia, paranoid type." Appx27–29. The VA also received an income-net-worth-and-employment statement in April 1979, in which Mr. Williams reported that he had stopped working "due to nerves" and that he would apply for Social Security benefits. Appx2.

In June 1979, the RO issued a "confirmed rating decision," noting that it received evidence after the July 1978 rating decision and confirming the previous denial of service connection for schizophrenia. *See* Appx30. Pertinent here, the confirmed rating decision stated that the 1979 VAMC hospital summary showed a "current condition," did "not go to issue of [service connection]," and was "not new [and] material" for the purposes of service connection. *See id.*; *see also* Appx27–29.

Shortly thereafter, and germane to this appeal, the RO issued a SOC in response to Mr. Williams's January 1979 NOD. Appx32–36. In the June 1979 SOC, the RO summarized the evidence and adjudications then of record. *See* Appx33–35. The SOC expressly noted that the RO had considered the VAMC hospital summary and the April 1979 income-net-worth-and-employment statement that the VA had received within one year of the July 1978 rating

decision. *See* Appx35. The SOC also identified the June 1979 confirmed rating decision, stating that "[i]t was held . . . that no change was warranted in the previous denial of service connection for schizophrenia" and that "[t]his is the first notice to the veteran of this decision." *Id.* Mr. Williams did not file a substantive appeal.

In June 2009, after several prior attempts to reopen his claim for service connection for schizophrenia were unsuccessful, the latest in 2005, *see* Appx63, Mr. Williams filed another claim to reopen, Appx37–40, which the RO again denied, Appx41–44.

### B. In Light Of New Evidence, The Board Grants Service Connection

Following an appeal, in a September 2013 decision, the Board reopened the claim for service connection for schizophrenia and granted entitlement to service connection on the merits. *See* Appx47–55. In the September 2013 decision, the Board explained that, following the 2005 denial, Mr. Williams provided "new and material" evidence for his claim, including private medical records, VA medical records, a July 2010 VA examination report, hearing testimony, and his own assertions. *See* Appx53. While noting that the July 2010 VA examiner had opined that Mr. Williams's psychiatric disorder "was not related to his military service," the Board nevertheless concluded (based on a 2009 letter and 2011 testimony from Mr. Williams's private psychologist) that there was "at least a reasonable doubt"

that his disorder was incurred in service. Appx54. Resolving the doubt in Mr. Williams's favor, the Board determined that service connection for an acquired psychiatric disorder was warranted. *Id.* Soon thereafter, the VA implemented the Board's grant of service connection and assigned a 100% disability rating for schizophrenia, effective June 4, 2009. Appx56–58.

### C. The Board Twice Denies Mr. Williams An Earlier Effective Date For Schizophrenia

Mr. Williams eventually challenged the 2009 effective date assigned to his award of service connection, *see* Appx59–60, and, in February 2019, the Board denied his claim. Appx61–71. Mr. Williams then appealed to the Veterans Court, which vacated and remanded the Board's denial of an earlier effective date for his schizophrenia award for further proceedings. Appx72–76. Specifically, the Veterans Court remanded for the Board to consider Mr. Williams's argument that the July 1978 rating decision remains open because, in his view, the RO did not sufficiently respond to documents filed within one year of that decision in the June 1979 SOC. *See* Appx74–76.

On remand, the Board again denied an effective date before June 4, 2009, for schizophrenia. *See* Appx77–88. Regarding § 3.156(b), Mr. Williams asserted that the July 1978 rating decision never became final because the VA allegedly failed to address (1) new evidence that was identified within one year of the issuance of the July 1978 rating decision and (2) his contention, raised in a June

1979 statement, that his disability began in 1975, *i.e.*, within one year of his discharge from service. Appx81–82. The Board rejected both of Mr. Williams's arguments. The Board explained that the new evidence he "identified"—namely, records from his doctor, General Electric, and the Social Security Administration—were not received by the VA until 1981, rendering this criticism of the 1979 SOC moot. *See* Appx82–83.

As for Mr. Williams's argument that the Board never addressed his statement that his disability began in 1975, the Board noted that the 1979 SOC "specifically found that schizophrenia was not present within the one-year presumptive period after discharge," which "essentially addressed [this] argument." *See* Appx83. Consequently, the Board concluded that 38 C.F.R. § 3.156(b) is inapplicable to the July 1978 rating decision and the associated June 1979 SOC. Appx83. Mr. Williams appealed to the Veterans Court.

### D. The Veterans Court Determines That Mr. Williams Failed To Show That The VA Did Not Satisfy The Requirements of 38 C.F.R. § 3.156(b)

Before the Veterans Court, Mr. Williams argued that the Board failed to provide adequate reasons or bases for its denial of an earlier effective date for schizophrenia. Appx4. Specifically, he asserted that the Board should have addressed whether the VA not sending him a copy of the June 1979 confirmed rating decision fulfilled § 3.156(b)'s requirements to provide a direct response to

the additional evidence, namely, the January 1979 VAMC hospital summary confirming a diagnosis of "[c]hronic schizophrenia, paranoid type" and the February 1979 statement that he stopped working because of a nervous condition. *See* Appx5. Put differently, by not sending him the 1979 confirmed rating decision, Mr. Williams asserted, the VA failed to satisfy § 3.156(b). *See id.*

The Veterans Court disagreed, concluding that Mr. Williams failed to reconcile his argument with the fact that the June 1979 SOC—which he did not contest receiving—notified him of the June 1979 confirmed rating decision. Appx6–7. The Veterans Court further determined that Mr. Williams also failed to square his argument with the contents of the 1979 SOC, which show that the RO considered all the evidence then of record and denied service connection based on its express consideration of the 1979 VAMC hospital summary and his 1979 statement that he stopped working because of a nervous condition. *See* Appx6–7. In other words, the Veterans Court explained, Mr. Williams presented no argument "as to whether the June 1979 SOC was a determination that was directly responsive to that evidence" and therefore failed to demonstrate that the July 1978 rating decision's finality could possibly be vitiated under § 3.156(b). Appx7. Accordingly, the Veterans Court affirmed the Board's denial of an earlier effective date for the grant of service connection for schizophrenia. *Id.*

The Veterans Court entered judgment on January 26, 2023, Appx9, and this appeal followed, Appx10.

## SUMMARY OF THE ARGUMENT

Although Mr. Williams contends that the VA cannot, as a matter of law, comply with 38 C.F.R. § 3.156(b) by issuing a SOC, he cites no authority demonstrating this is the case. Neither the regulation nor this Court's precedent supports his position. Indeed, two decisions (*Pickett* and *Hampton*) issued this year from this Court undercut his argument, as they show that the threshold for satisfying § 3.156(b) is not restricted to certain VA decision documents or any particular language: the record only needs to contain "some indication" that the proper analysis occurred—no "magic words" are needed.

Ignoring *Pickett* and *Hampton*, Mr. Williams points to this Court's decisions from roughly a decade ago (*Bond* and *Beraud*) and argues that they show the VA misinterpreted § 3.156(b) in holding that the SOC here satisfied the regulation. But Mr. William's reliance on these decisions is misplaced in two key respects. First, neither decision suggests, much less holds, that the VA cannot satisfy § 3.156(b) through a SOC. And second, his argument hinges entirely on a distorted view of the record; *i.e.*, that the VA never considered whether the 1979 VAMC hospital summary was new and material. He then wrongly asserts, based on this flawed premise, that the VA never met its obligation under § 3.156(b) and

that the Veterans Court therefore misinterpreted the regulation by concluding otherwise.

When the record is fairly considered, however, it reveals a clear indication that the proper analysis occurred. Indeed, Mr. Williams received more than what *Bond* or *Beraud* require. That is because a SOC documents the RO's decision to review the claim anew based upon whatever evidence or argument is associated with the NOD. In other words, the step in the process addressed by *Bond* and *Beraud*—whether the evidence is new and material—if satisfied, would then lead to reconsideration of the claim taking the new evidence into account. Here, the SOC process accounts for this by requiring the RO to reexamine the claim. Mr. Williams's arguments ignore this reality. And in this case, the SOC explicitly references both the purportedly "new and material" evidence (the 1979 VAMC hospital summary) and the confirmed rating decision, which expressly stated that this evidence was "not new [and] material." Even though Mr. Williams disregards these aspects of the record, they demonstrate that the VA satisfied § 3.156(b) and that the Veterans Court did not misinterpret the regulation.

Finally, Mr. Williams incorrectly argues that the Veterans Court imposed additional burdens on him by stating that he failed to reconcile his arguments below with record evidence that directly undercuts his position. This argument misconstrues the Veterans Court's decision. The Veterans Court did not impose

any extra requirements; it merely explained that Mr. Williams's position is inconsistent with the record—a fact he overlooked before the Veterans Court and continues to disregard in his briefing before this Court.

In short, Mr. Williams has not shown that the Veterans Court erred in interpreting § 3.156(b), and the Veterans Court's decision should be affirmed.

## ARGUMENT

### I. Standard Of Review And Scope Of Jurisdiction

"This [C]ourt's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Pursuant to 38 U.S.C. § 7292(a), this Court may review a Veterans Court decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." This Court "shall have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Consistent with this rubric, this Court has jurisdiction to review "the proper interpretation of § 3.156(b) under 38 U.S.C. § 7292," and it conducts that review de novo. *Hampton v. McDonough*, 68 F.4th 1376, 1379–80 (Fed. Cir. 2023); *Breland v. McDonough*, 22 F.4th 1347, 1350 (Fed. Cir. 2022); *see also* 38

U.S.C. § 7292(c). However, this Court may not review the Veterans Court's factual findings or its application of law to facts absent a constitutional issue. 38 U.S.C. § 7292(d)(2); *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011).

## II. The Veterans Court's Decision Should Be Affirmed

### A. Mr. Williams Identifies No Authority Indicating That The VA Cannot Satisfy The Requirements Of § 3.156(b) When Issuing A SOC, And He Disregards Recent Precedent Undercutting His Position

As best understood, the primary legal argument that appellant appears to raise here is that the VA can never satisfy the requirements of § 3.156(b) in a SOC. *See, e.g.*, Applnt. Br. at 5 ("[A] SOC cannot, as a matter of law, be considered a substitute for the Secretary's obligation under § 3.156(b)."). But Mr. Williams cites no authority demonstrating that this is the law. The regulation does not support his position, and this Court's precedent undercuts it.

Turning first to the regulation, § 3.156(b) provides as follows:

> New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed . . . will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period.

38 C.F.R. § 3.156(b).[2] As shown above, nothing in the regulation indicates *how* the VA must satisfy this requirement, much less precludes the VA from fulfilling its obligation through a SOC. The cited regulation does not reference the SOC at all.

This Court also recently examined § 3.156(b) and, contrary to Mr. Williams's assertion, did not rule or even suggest that the VA could not satisfy § 3.156(b) when issuing a SOC. In *Pickett v. McDonough*, the Court held that the VA can "demonstrate its compliance with the requirements of § 3.156(b) via an implicit determination so long as that implicit determination is clear on the record." 64 F.4th 1342, 1347 (Fed. Cir. 2023). The Court also clarified that § 3.156(b) "does not require the VA to invoke any 'magic words.'" *Id.* Rather, the record only needs to reveal "some indication" that the VA determined whether the

---

[2] As Mr. Williams notes, the version of 38 C.F.R. § 3.156(a) that existed in 1979 has been moved to § 3.156(b) and, for purposes of this appeal, is substantively similar to the current version. *See* Applnt. Br. at 7–8. The 1979 version reads as follows:

> New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision, will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period.

38 C.F.R. § 3.156(a) (1979).

submission is new and material evidence and, if so, considered such evidence in evaluating the pending claim. *See id.*

Shortly thereafter, in *Hampton v. McDonough*, 68 F.4th 1376 (Fed. Cir. 2023), this Court addressed § 3.156(b) again and reiterated its holding in *Pickett*. There, the appellant argued that the RO was required to make an *explicit* finding on whether the additional evidence she filed was new and material evidence to her claim. *Hampton*, 68 F.4th at 1380. The Court disagreed, stating "[t]his is not what § 3.156(b) requires." *Id.* As the *Hampton* court explained, "[f]ollowing our precedent in *Pickett*, all that was required to satisfy § 3.156(b) was some indication that (1) the VA had determined that the [additional filings] were new and material, and (2) the VA considered that evidence as to her [] claim." *Id.*

While *Pickett* and *Hampton* do not expressly address whether a SOC *can* satisfy the requirements of § 3.156(b), they also place no restrictions on *how* the VA can demonstrate that it made the necessary determination. If anything, they show that the threshold for satisfying § 3.156(b)—"some indication" on the record—is not a high bar and is not restricted to any particular type of documents that the VA may issue, like a rating decision. In other words, nothing in *Pickett* or *Hampton* suggests that the "indication" in the record cannot came from a SOC, particularly one which expressly addresses the evidence in question as the June 1979 SOC does here.

Mr. Williams does not cite, let alone address, either of these cases. Instead, he contends that this Court's decisions in *Bond* and *Beraud* show that the Veterans Court erred here in interpreting § 3.156(b). *See* Applnt. Br. at 11 (contending that the "Veterans Court's decision employed a misinterpretation of § 3.156(b), as interpreted by this Court in *Bond* and *Beraud*"). But neither case stands for the proposition that he urges this Court to accept. In *Bond*, this Court merely held that under § 3.156(b) "the VA must evaluate submissions received during the relevant period and determine whether they contain new evidence relevant to a pending claim." *Bond v. Shinseki*, 659 F.3d 1362, 1369 (Fed. Cir. 2011). Pertinent here, even though the RO had issued a SOC in *Bond*, there was "nothing in the record" indicating that the RO had determined if the evidence was new and material. *See id.* at 1363, 1368. Without "any indication in the record that this analysis occurred," the *Bond* court reversed and remanded, "declin[ing] to presume that the VA considered, but rejected, the possibility that Mr. Bond's . . . submission contained new and material evidence relating to his [pending] claim." *See id.*

*Beraud* is similarly unhelpful to Mr. Williams. There, this Court again reversed, holding that "the VA never determined whether the medical records Beraud referred to . . . constituted new and material evidence, as required by § 3.156(b)." *Beraud v. McDonald*, 766 F.3d 1402, 1407 (Fed. Cir. 2014). But like in *Bond*, there was "no indication" in the record that the VA made the requisite

determination under § 3.156(b). *Id.* at 1406–07. Thus, while *Bond* and *Beraud* show that the VA must provide "some indication in the record of a directly responsive decision," *Pickett*, 64 F.4th at 1347, neither decision holds that the VA cannot satisfy § 3.156(b) through a SOC.

Mr. Williams's contentions regarding the requisite content of a SOC do not aid his position either. *See* Applnt. Br. at 10. Specifically, he avers that, by statute, a SOC was not *required* in 1979 to include either an "implicit or an explicit determination" as to whether the additional evidence was new and material. *See* Applnt. Br. at 10–11. But this argument misses the point. Even if the VA were not explicitly required by statute to include its § 3.156(b) determination in a SOC, that would not *prevent* the VA from issuing a SOC that satisfies § 3.156(b); *i.e.*, that provides "some indication in the record that the proper analysis occurred." *Pickett*, 64 F.4th at 1346.

Indeed, in explaining how the VA's procedures work, this Court has implicitly envisioned that a SOC could do just that:

> [E]ither before or after receiving the SOC, the claimant may submit additional evidence to the RO; the VA will consider this evidence as if it had been filed in connection with the original claim. 38 C.F.R. § 3.156(b). If necessary, VA also will provide the claimant with a supplemental statement of the case ("SSOC") to correct problems in the initial SOC or *account for evidence submitted after the SOC was issued. See id.* § 19.31(b).

*Wilson v. Mansfield*, 506 F.3d 1055, 1061 (Fed. Cir. 2007) (emphasis added). In other words, if the VA can issue a SOC (or SSOC) to account for additional evidence in accordance with § 3.156(b), then a SOC necessarily can provide "some indication" in the record that the proper analysis occurred. This makes sense, given that the SOC was "intended to summarize the evidence" and "explain the reasons for the [RO's] decision." *Rivera v. Shinseki*, 654 F.3d 1377, 1381 (Fed. Cir. 2011). After all, if the VA could not demonstrate its compliance with § 3.156(b) through a SOC, then the VA seemingly *would be* required to use "magic words," which is not the law. *See Pickett*, 64 F.4th at 1347 ("Section 3.156(b) does not require the VA to invoke any 'magic words.'").

And to tease out the analysis contained in *Wilson*, our explanation above is consistent with the regulatory scheme that existed in 1979 (and today) addressing appeals to the Board. This Court addressed this process shortly after passage of the Veterans Judicial Review Act of 1988, where the Court explained, albeit with reference to the VJRA, but consistent with the long-standing process, that a SOC "essentially sets forth the Agency's legal and factual position in relation to the disagreement. Its function is to give the veteran information with which to evaluate the feasibility of pursuing his claim." *Hamilton v. Brown*, 39 F.3d 1574, 1576 (Fed. Cir. 1994).

As the plain language of the regulatory scheme provides, upon receipt of a NOD, the RO must "reexamine the claim and determine whether additional review or development is warranted." 38 C.F.R. § 19.26(a). If it is not required, "or after necessary review or development is completed," the RO will prepare a SOC "unless the disagreement is resolved by a grant of the benefit(s) sought on appeal or the NOD is withdrawn by the claimant." 38 C.F.R. § 19.26(d); *see also* 38 C.F.R. §§ 19.114, 19.115 (1979).[3] There is no question that a SOC is a "decision" of the RO, generally confirming the continued denial of the benefit sought.[4] This is particularly the case where the NOD is accompanied by, or points to new evidence, as was the case here. The RO is required to determine whether further

---

[3] As shown below, the version of 38 C.F.R. § 19.114 that existed in 1979 is consistent with the current scheme set forth in 38 C.F.R. § 19.26:

> (a) *Preliminary action*. When a notice of disagreement is timely initiated, the agency of original jurisdiction may take appropriate development and review action . . . .
>
> (b) *Statement of the case*. If no preliminary action is required or when it is completed, the agency of original jurisdiction will prepare a statement of the case pursuant to Rule 15 (§ 19.115), if the issue or issues are not resolved by granting the benefit sought in the appeal, or through withdrawal of the notice of disagreement.

38 C.F.R. § 19.114 (1979).

[4] In 1979, a SOC also included "[t]he decision on the issue or issues and the reasons for the determination." 38 C.F.R. § 19.115(b) (1979).

review or development is required and to determine whether a change in the decision is warranted. It is only after those questions are answered in the negative that the RO issues a SOC reflecting its decision that the earlier denial should remain despite the existence of the NOD and whatever new information the NOD identifies.

In this case, the RO, as evidenced by the plain language of the June 1979 SOC, performed exactly the duty that the regulation describes—the RO identified the new evidence that had been submitted since the 1978 RO decision and explained why that new evidence was insufficient to alter the 1978 RO decision. *See* Appx33–36. Mr. Williams was informed at that time that the newly identified evidence did not convince the RO to change the earlier determination. Because Mr. Williams does not contest receipt of the June 1979 SOC, and because he did not file a substantive appeal in response to that receipt, we must conclude that he determined no further action was necessary. And this Court should conclude that any duty under § 3.156(b) was satisfied by this process.

### B. Mr. Williams's Assertions That The VA Never Considered The 1979 VAMC Hospital Summary And The Veterans Court Misinterpreted § 3.156(b) Are Misguided

Although Mr. Williams frames the dispute as an interpretation issue—*i.e.*, whether the Veterans Court misinterpreted § 3.156(b) in determining that a SOC can satisfy the requirements of the regulation, Applnt. Br. at 1—what he really

appears to be arguing is that the VA never considered whether the additional evidence here (the 1979 VAMC hospital summary) was new and material. Indeed, throughout his brief, he asserts that the VA failed to consider whether this evidence was new and material:

- In this case, when the VA received new and material evidence in 1979, it **<u>did not</u>** treat that evidence as if it was filed in connection with the pending claim. This is obvious because VA never made an assessment of this evidence as to whether it constitutes new and material evidence relating to the old claim.

- No determination regarding the character of the new and material evidence received in this case of a confirmed diagnosis of chronic schizophrenia, paranoid type, based on a period of inpatient treatment, Appx27-29, has ever been made by VA.

- [Mr. Williams's] pending claim remains open until VA provides a determination that is "directly responsive to the new submission." . . . The VA has not provided Mr. Williams with any such determination case in this matter.

*See* Applnt. Br. at 11, 13, 15–16 (emphasis in original); *see also* Applnt. Br. at 12 (indicating that the "new and material evidence triggering the requirements of § 3.156(b)" was the 1979 VAMC hospital summary). But when the record is fairly considered, it shows Mr. Williams's view is distorted.

As shown above, the confirmed rating decision stated that the 1979 VAMC hospital summary showed a "current condition," did "not go to issue of [service connection]," and was "not new [and] material" for the purposes of service connection. *See* Appx30. The SOC then expressly indicated that the RO had

considered the 1979 VAMC hospital summary but nevertheless held in the confirmed rating decision "that no change was warranted in the previous denial of service connection for schizophrenia." *See* Appx35. Thus, by explicitly referencing the 1979 VAMC hospital summary and the confirmed rating decision that continued to deny his claim, the SOC provided "some indication" that is clear on the record that the VA conducted the proper analysis. *See Hampton*, 68 F.4th at 1380–81 (concluding RO decision provided "some indication" that the proper § 3.156(b) analysis occurred regarding the veteran's May 1999 statement by acknowledging the evidence was received and issuing a decision in response to it, even though the decision did not explicitly list the May 1999 statement as evidence considered). And when the SOC is viewed in conjunction with the confirmed rating decision—which expressly stated that the 1979 VAMC hospital summary was "not new [and] material," *see* Appx27–29—the record does not just contain "some indication" that the proper analysis occurred; it provides an express and irrefutable indication. *See* Appx30, Appx35.

Although Mr. Williams contends that it is "obvious" the VA never assessed the 1979 VAMC hospital summary because he was eventually awarded service connection in 2013 "for the specific disability diagnosed by VA" in the hospital summary, this argument is misguided. *See* Applnt. Br. at 11. When the VA awarded service connection in 2013, it was confronted with new materials that

were not before the VA in 1979—namely, private medical records, VA medical records, a July 2010 VA examination report, hearing testimony, and Mr. Williams's own assertions. *See* Appx53. And in granting service connection, the favorable evidence the Board identified was a 2009 letter and 2011 testimony from a private psychologist, not the 1979 VAMC hospital summary. *See* Appx54. Thus, the eventual grant of service connection for schizophrenia in 2013—based on a different record—does not show that the VA failed to conduct a proper § 3.156(b) analysis in 1979.

So despite Mr. Williams's unwillingness to acknowledge certain aspects of the record, his contention that the "VA never made an assessment of this evidence as to whether it constitutes new and material evidence relating to the old claim," Applnt. Br. at 11, is simply wrong.[5] *See also id.* at 3 (discussing the confirmed rating decision but not mentioning its statement that the evidence was not new and material). And his related assertion that the "Veterans Court's decision employed a misinterpretation of § 3.156(b)," *id.* at 11, should thus be rejected, because it

[5] That the VA considered whether the 1979 VAMC hospital summary was new and material is reinforced by Mr. Williams's prior acknowledgement that the 1979 confirmed rating decision "was an attempt by the VA to fulfill § 3.156(b) requirements." *See* Appx5. Although he asserted to the Veterans Court that the VA did not satisfy § 3.156(b), his stated reason was *not* that the confirmed rating decision failed to address the evidence; rather, it was that the VA never sent him the confirmed rating decision. *See id.* This argument—which he drops on appeal—implicitly acknowledges that the confirmed rating decision did in fact include the proper § 3.156(b) analysis.

stems entirely from his mistaken view that the VA never considered whether the 1979 VAMC hospital summary was new and material. *See id.* at 13 ("Under the interpretation of § 3.156(b) this Court made in *Bond* and *Beraud*, the VA never made the determination its own regulation imposed upon it."). That is, his argument presupposes that the VA never conducted a § 3.156(b) analysis, which, as noted, is incorrect.

Mr. Williams's remaining argument—that the VA imposed "extra requirements" on him that are not found in § 3.156(b)—also lacks merit. Specifically, he asserts that the Veterans Court "required him 'to reconcile his argument concerning § 3.156(b) with the fact that the RO issued a June 1979 SOC,' and explain how this is unsupported by the text of § 3.156(b)." Applnt. Br. at 9. But he is mistaken on this point, too.

The Veterans Court made no statement indicating that Mr. Williams had to explain the interplay between the text of § 3.156(b) and the SOC. Rather, the Veterans Court addressed his argument that the July 1978 rating decision was not final under 38 C.F.R. § 3.156(b) because the VA purportedly failed to address evidence filed within 1 year of the decision.[6] *See* Appx6–7. And in doing so, the Veterans Court pointed out that he had disregarded that the RO issued a SOC

[6] The Veterans Court also noted that the arguments Mr. Williams made before it were not presented to the Board and were being raised for the first time. *See* Appx7.

indicating that it "considered all the evidence then of record" and "denied service connection based on its express consideration of the January 1979 VA hospital summary." Appx7. Although Mr. Williams seems to misconstrue the Veterans Court's statement as an added requirement to be applied whenever a veteran seeks to submit new and material evidence, the Veterans Court was merely pointing out a flaw in his position (the same flaw present here): he fails to fairly acknowledge unhelpful aspects of the record regarding the SOC.

In a similar vein, Mr. Williams claims that he was also wrongly required to (1) "challenge the Board's finding that the June 1979 SOC considered all the evidence then of record or to acknowledge that the June 1979 SOC denied service connection based on its express consideration of the new and material evidence received" and (2) present an argument "as to whether the June 1979 SOC was a determination that was directly responsive to the new evidence received in January 1979." *See* Applnt. Br. at 9. But again, he misunderstands the Veterans Court's decision. The Veterans Court was not imposing additional requirements; it was implicitly pointing out that, without challenging or even acknowledging the Board's findings regarding the SOC's contents, Mr. Williams did not show that the VA failed to satisfy § 3.156(b) in issuing the SOC. Simply put, by identifying shortcomings in his position, the Veterans Court was not misinterpreting

§ 3.156(b) or imposing "extra requirements" on him, and nothing in the quoted statements shows otherwise.

## CONCLUSION

For these reasons, we respectfully request that the Court affirm the decision of the Veterans Court.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Deputy Director

/s/ Daniel F. Roland
DANIEL F. ROLAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tele: (202) 305-0514

October 23, 2023

*Attorneys for Respondent-Appellee*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C)(i), I certify that this brief is proportionately spaced using Microsoft Word, uses a Times New Roman typeface in 14-point font size, and, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii), contains a total of 5,636 words, which is within the 14,000 word limit.

/s/ Daniel F. Roland