**No. 23-1840**

*In the*

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

# CLAIMANT-APPELLANT'S REPLY BRIEF

*Re*

**LARRY WILLIAMS,**
Claimant-Appellant,

*versus*

**DENIS MCDONOUGH,**
Secretary of Veterans Affairs,
Respondent-Appellee.

**ON APPEAL FROM THE**
**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**
**IN VET. APP. 21-6135, JUDGE CORAL WONG PIETSCH**

**KENNETH M. CARPENTER**
Carpenter, Chartered
1525 Southwest Topeka Boulevard
Post Office Box 2099
Topeka, Kansas 66601
785-357-5251

Attorney for Claimant-Appellant

**Table of Contents**

Page

Table of Contents. . . . . i

Table of Authorities. . . . . ii

Arguments. . . . . 1

Summary of Rebuttal. . . . . 1

Rebuttal Argument. . . . . 1

The Secretary's arguments that the Veterans Court did not rely upon a misinterpretation of 38 C.F.R. § 3.156(a) (1979) are not persuasive. . . . . 1

Conclusion. . . . . 10

Certificate of Service. . . . . 11

Certificate of Compliance. . . . . 11

## Table of Authorities


Page

**Decisions**

*Beraud v. Shinseki,* 766 F.3d 1402 (Fed. Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 10

*Bond v. Shinseki*, 659 F.3d 1362 (Fed. Cir 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7, 10

*Hampton v. McDonough*, 68 F.4th 1376 (Fed. Cir. 2023). . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8

*Pickett v. McDonough*, 64 F.4th 1342 (Fed. Cir. 2023). . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

**Statutes**

38 U.S.C. § 4005(d)(1)(1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Regulations**

38 C.F.R. § 3.156 (1979).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

38 C.F.R. § 3.156(a) (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

38 C.F.R. § 3.156(b) (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

**Others**

https://uscode.house.gov/statviewer.htm ?volume=76&page=553
(last visited December 29, 2023). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## Arguments

### Summary of Rebuttal

The Secretary argues that the decision on appeal should be affirmed because Mr. Williams identified no authority indicating that VA cannot satisfy the requirements of 38 C.F.R. § 3.156(a) (1979) by simply issuing a statement of the case ("SOC"). This argument ignores the plain language used by the Secretary in § 3.156(a) (1979) as well as the statutory purpose for a SOC enacted by Congress. The Secretary also argues that Mr. Williams ignores recent precedent that he asserts undercuts the interpretation Mr. Williams asserts of the plain language used by the Secretary in § 3.156(a) (1979). Both of these arguments are without merit. Next, the Secretary argues that Mr. Williams's assertions that VA never considered the 1979 VAMC hospital summary and that the Veterans Court misinterpreted § 3.156(a) (1979) are misguided. This argument is also without merit.

### Rebuttal Argument

**The Secretary's arguments that the Veterans Court did not rely upon a misinterpretation of 38 C.F.R. § 3.156(a) (1979) are not persuasive.**

The Secretary complains that Mr. Williams cites no authority for his averment that an SOC cannot, as a matter of law, be considered a substitute for the Secretary's

obligation under § 3.156(b)(1979).[1] *See* Secretary's Brief at 13 (hereinafter "Sec.Brf. at xx."). However, likewise the Secretary's cites to no authority for the proposition he asserts that VA's issuance of a SOC can be a substitute for the Secretary's obligation under § 3.156(b). Overlooked by both the Secretary and the Veterans Court is the content of VA's cover letter, Appx31, which was attached to the June 20, 1979 SOC. Appx31-36. This document unambiguously informed Mr. Williams, "This is not a decision on your appeal but [**only**] an explanation of what was done here." Appx31. Thus, contrary to the Secretary's assertion, it was the Secretary who informed Mr. Williams in 1979 that the SOC it was providing him **was not** a decision based on VA's receipt of new and material evidence, which had not been previously received or considered by VA prior to the expiration of his appeal period.

Furthermore, the Secretary, like the Veterans Court, also failed to acknowledge that this Court's decision in *Bond v. Shinseki*, 659 F.3d 1362 (Fed. Cir 2011), expressly established the following:

Section 3.156(b) provides that *"[n]ew and material evidence*

---

[1] The parties as well as the Veterans Court in the proceedings below referred to 38 C.F.R. § 3.156(b). The extant version of § 3.156 in 1979 had only two subparagraphs, (a) and (b). The text of the version of § 3.156 at issue at the time of this Court's decisions in *Bond* and *Beraud v. Shinseki,* 766 F.3d 1402 (Fed. Cir. 2014) was in subparagraph (b), and not in subparagraph (a). Thus, to minimize confusion, except when identifying the text as it existed in 1979, Mr. Williams will use § 3.156(b) because the parties and the Veterans Court used this version of § 3.156(b) in the case below.

> received prior to the expiration of the" period for appealing a decision" *will be* considered as having been filed in connection with the [pending] claim." 38 C.F.R. § 3.156(b) (emphases added). Thus, the question for purposes of the regulation is whether the evidence submitted is, in fact, new and material—not whether the claimant characterizes it as such. Because § 3.156(b) "requires that the VA treat new and material evidence as if it was filed in connection with the pending claim, the VA must assess any evidence submitted during the relevant period and **make a determination as to whether it constitutes new and material evidence relating to the old claim**."

*See Bond*, 659 F.3d at 1367 (italics in original) (footnote omitted) (bold and underscoring added). It is undebatable then that VA's SOC did not make a determination concerning whether the evidence it later received was new and material evidence which related to Mr. Williams's pending claim. Instead, both the Veterans Court and the Secretary merely assumed that VA's June 20, 1979 SOC in fact made the determination required under § 3.156(b).

Given that the June 20, 1979 SOC, Appx31-36, explicitly informed Mr. Williams that the SOC **was not** a decision, likewise then the SOC could **not** have made the required determination concerning the new and material evidence at issue. That is, the determination about whether VA's receipt of the medical record of his period of hospitalization at VA Medical Center ("VAMC") in Louisville, Kentucky constituted new and material evidence relating to his pending claim. Thus, there is no "authority" for the Secretary's assertion that a SOC can, as a matter of law, be considered a substitute for

the Secretary's obligation under § 3.156(b). In contrast, this Court's decision in *Bond*, *supra*, **was** unambiguous that § 3.156(b) required that such a "determination" must be made regarding whether the evidence received constituted new and material evidence related to Mr. Williams's pending claim. The VA's June 20, 1979 SOC made no such determination and the Veterans Court reliance on this SOC as having done so is unsupported.

Equally unsupported is the Secretary's contention that Mr. Williams disregarded "recent precedent". Indeed, this contention is spurious. The Secretary's reliance on *Pickett v. McDonough*, 64 F.4th 1342, 1347 (Fed. Cir. 2023), for the proposition that the VA can "demonstrate its compliance with the requirements of § 3.156(b) via an implicit determination so long as that implicit determination is clear on the record", Sec.Brf. at 14, is misplaced. As noted above, VA's June 20, 1979 SOC, Appx31-36, informed Mr. Williams explicitly that the SOC **was not** a decision. The mere mention of VA's medical record from his period of hospitalization at the Louisville VAMC **was not** "clearly" an implicit determination that this evidence did not constitute new and material evidence or that it was not related to his pending claim that was the subject of VA's SOC.

Mr. Williams is not arguing that VA must invoke "magic words" to establish that it complied with § 3.156(b). He is arguing that there was **no indication** that the VA ever determined whether his medical record from his hospitalization at the Louisville VAMC was new and material evidence and that this evidence need not be considered in

evaluating his pending claim for compensation for a mental disorder. Therefore, there simply is no basis in this record for consideration and application of the holding in *Pickett, ibid.*

As regards this Court's recent decision in *Hampton v. McDonough*, 68 F.4th 1376 (Fed. Cir. 2023), the Secretary correctly quotes from it for the proposition that,

> . . . all that was required to satisfy § 3.156(b) was some indication that (1) the VA had determined that the [additional filings] were new and material, and (2) the VA considered that evidence as to her [] claim.

*See* Sec.Brf. at 15 (quoting 68 F.4th at 1380). The problem for the Secretary in this case is that there is **<u>no indication</u>** that in the 1979 SOC the VA ever determined whether his medical record from his Louisville VAMC hospitalization was new and material evidence or that this evidence had been considered in evaluating his pending claim for compensation for a mental disorder.

In this case, under the section heading "SUMMARY OF EVIDENCE AND ADJUDICATION ACTIONS", the SOC, Appx33-36, merely stated that on June 12, 1979,

> It was held this date that no change was warranted in the previous denial of service connection for schizophrenia and of has claim for nonservice-connected disability pension. This is the first notice to the veteran of this decision.

Appx35. Apparently, this entry in the SOC referred to the June 12, 1979 Confirmed Rating Decision promulgated on VA Form 21-6789. Appx30. There is no indication

that this VA form, which contained the Confirmed Rating Decision in his case, was ever sent to Mr. Williams. Therefore, since VA's June 20, 1979 SOC, Appx31-36, informed Mr. Williams explicitly that the SOC **was not** a decision, there is no evidence in this record VA had determined that the record of his hospitalization at the Louisville VAMC was new and material or that VA considered that evidence in connection with his claim in 1979.

Thus even though this Court in *Hampton, ibid.,* held that all that was required to satisfy § 3.156(b) was some indication that (1) the VA had determined that the evidence received was new and material, and (2) the VA considered that evidence as to the claim, there is no indication of that inference having been made by either the Board or the Veterans Court in this case. Here, both the Board and the Veterans Court relied upon the unfounded assumption that VA's June 1979 SOC had considered the entirety of the evidence of record and only then denied Mr. Williams' claim. For both the Board and the Veterans Court to have assumed this circumstances misinterprets the statutory purpose of a SOC. This is the case because there was **no showing** VA had determined that the evidence it received was either new and material or that the VA had considered this evidence as part of its adjudication of Mr. Williams's claim.

In 1979 a SOC was required by statute to include the following three items: (1) a summary of the evidence in the case pertinent to the issue or issues with which disagreement has been expressed; (2) a citation or discussion of the pertinent law,

regulations and where applicable, the provisions of the Schedule for Rating Disabilities; and (3) a decision on each issue and a summary of the reasons therefor. *See* 38 U.S.C. § 4005(d)(1)(1979). *See also* https://uscode.house.gov/statviewer.htm?volume=76&page=553 (last visited December 29, 2023). But, as the cover sheet for VA's June 20, 1979 SOC states, Appx31-36, Mr. Williams was explicitly informed that the SOC **was not** a decision. Appx31. Thus, the Secretary's assertion of and reliance on the holding of this Court in *Hampton* is misplaced.

The Secretary is correct that Mr. Williams did not cite, let alone address, either the *Pickett* or *Hampton* cases in his opening brief. Sec.Brf. at 16. However, this is so because, as explained above, neither of these cases is relevant to this appeal. The Secretary also is correct that Mr. Williams does rely upon this Court's decisions in *Bond* and *Beraud, supra*. This latter case law shows how the Veterans Court erred here in Mr. Williams's case in its interpretation of § 3.156(b). *Id.* Therefore, Mr. Williams stands by his reliance on this Court's decisions in *Bond* and *Beraud*.

Nonetheless, the Secretary persists in arguing that Mr. Williams's assertions that VA never considered the 1979 VAMC hospital summary and that the Veterans Court misinterpreted § 3.156(b), are misguided. Sec.Brf. at 20-26. Contrary to the Secretary's belief, which he sets out in his brief, *see* Sec.Brf. at 23, footnote 5, Mr. Williams has never conceded, either implicitly or otherwise, that VA's 1979 confirmed rating decision, Appx30, did in fact include the proper analysis required by § 3.156(b).

Even assuming without conceding that VA sent Mr. Williams notice of its 1979 confirmed rating decision, Appx30, this rating decision **did not** include the proper § 3.156(b) analysis. Nowhere in this confirmed rating decision, *id.*, did VA determine that the evidence of Mr. Williams's hospitalization at the Louisville VAMC was new and material evidence. To the contrary, it determined that this hospital record **was not** new and material. Moreover, it did not contain any determination that this hospitalization record did not relate to his claim for compensation for his later awarded mental disorder.

It is evident that the Secretary now offers a *post hoc* rationalization for the Board's and Veterans Court's determination that VA complied with the requirements of § 3.156(b), which the SOC in fact shows never occurred. Therefore, neither the decision of the Board or the Veterans Court are within the purview of this Court's holding in *Hampton*, *supra*. Thus, the Secretary's effort to piece together the 1979 confirmed rating decision, Appx30, for which there is no record that Mr. Williams was given notice, with a SOC that explicitly informed Mr. Williams the SOC **was not** a decision, Appx31, **does not**, as the Secretary urges, provide "some indication" that the proper § 3.156(b) analysis occurred. In error, the Veterans Court relied entirely upon its agreement with the Secretary that **after** (1) the Board had acknowledged that VA denied the claim for service connection for schizophrenia in a July 1978 rating decision; (2) VA had notified Mr. Williams of its 1978 decision; and (3) Mr. Williams filed a NOD with this decision in January 1979, the Board then adequately explained that the VA's June 1979 SOC

sufficiently established VA's compliance with the requirements of § 3.156(b). Appx5. The Veterans Court agreed with all the foregoing despite the fact that the June 1979 SOC unambiguously informed Mr. Williams that it was **not** a decision. Appx31.

Despite the Secretary's effort to do so, it is simply not possible to stretch the actual evidence of record to support an inference that in this case there might have been "some indication" that the proper § 3.156(b) analysis occurred. Such an inference is impossible because it is based solely upon the appearance in the record that VA received Mr. Williams's 1979 Louisville VAMC hospital summary as noted in either the 1979 confirmed rating decision, Appx30, or the June 1979 SOC. Appx31-36. The mere notation about the presence of these records does not establish "some indication" that the proper § 3.156(b) analysis occurred. To the contrary, these records do **not** show **any** "indication" that there was the required determination made under § 3.156(b).

The Secretary also contends that Mr. Williams's assertions that the VA never considered the 1979 Louisville VAMC hospital summary and that the Veterans Court misinterpreted § 3.156(b), are "misguided". Sec.Brf. at 20-26. The Secretary appears to argue that the absence of any indication that VA actually considered whether VA's receipt of the 1979 VAMC hospital summary was new and material evidence would not amount to a misinterpretation of the requirements of § 3.156(b). Sec.Brf. at 20-21. In support of this argument the Secretary purports to list Mr. Williams's assertions in three bullet points, *see* Sec.Brf., p. 21, and then declares that "when the record is fairly

considered, it shows Mr. Williams's view is distorted." *Id.* In so doing, the Secretary correctly identifies the matter under appellate consideration. This Court will either agree that this appeal presents a question of law and will address it as such, or it will agree with the Secretary. However, Mr. Williams is confident this Court will find that the mere existence of a SOC does not establish the Secretary's compliance with the requirements of § 3.156(b) as interpreted by this Court in *Bond*, *supra*, and *Beraud*, *supra*, as he avers.

## Conclusion

For the foregoing reasons, as well as for the reasons discussed in Mr. Williams's opening brief, the Court should reverse the Veterans Court's decision and instruct the Veterans Court to vacate the Board's May 11, 2021 decision which unlawfully denied Mr. Williams consideration of an effective date from the date of his original 1979 claim, which is required by 38 C.F.R. § 3.156(b) when this regulation is correctly interpreted and applied.

Respectfully Submitted,

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

Attorney for Claimant-Appellant

## Certificate of Service

I certify that on the 5th day of January, 2024, the foregoing reply brief was electronically filed through CM/ECF system with the Clerk, United States Court of Appeals for the Federal Circuit. Copies of the document were served through the Court's CM/ECF system via the Notice of Docket Activity to:

Daniel F. Roland, Esq.
Department of Justice
Civil Division, Commercial Litigation Branch
daniel.f.roland@usdoj.gov

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com

## Certificate of Compliance

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Appellant's counsel certifies that this Reply Brief complies with the Court's type-volume limitation rules. This brief was printed in Garamond font at 14 points. According to the word-count calculated, using WordPerfect v.X6, this Brief contains a total of 2522 words, which is within the 7,000 word limit.

/s/ Kenneth M. Carpenter
Kenneth M. Carpenter
**CARPENTER, CHARTERED**
1525 SW Topeka Blvd, P.O. Box 2099
Topeka, Kansas 66601-2099
(785) 357-5251
carpgh@mindspring.com