# United States Court of Appeals for the Federal Circuit

---

**LARRY WILLIAMS,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1840

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-6135, Judge Coral Wong Pietsch.

---

Decided: March 19, 2025

---

KENNETH M. CARPENTER, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

MARTIN F. HOCKEY, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARGARET JANTZEN, PATRICIA M. MCCARTHY.

---

Before LOURIE, STOLL, and CUNNINGHAM, *Circuit Judges*.

STOLL, *Circuit Judge*.

Larry Williams appeals the decision of the United States Court of Appeals for Veterans Claims, which concluded that the Department of Veterans Affairs complied with the requirements of 38 C.F.R. § 3.156(b) in a Statement of the Case sent to Mr. Williams in 1979. Because the Veterans Court correctly interpreted § 3.156(b), we affirm the Veterans Court's decision.

## BACKGROUND

Mr. Williams served on active duty in the United States Navy from August 1972 to March 1974. He filed a claim for compensation for schizophrenia with the VA's Regional Office (RO) in April 1978. As part of this claim, the VA received a hospital summary with a diagnosis of "[p]ossible schizophrenic reaction." J.A. 2 (alteration in original) (quoting J.A. 18). In July 1978, the RO denied service connection for schizophrenia.

This led Mr. Williams to file a Notice of Disagreement (NOD) in January 1979 with a request that the VA obtain treatment records concerning his admission "to [the] Louisville [VA Medical Center (VAMC)] on [January 10, 1979]." J.A. 2 (alterations in original) (quoting J.A. 26). In February 1979, the VA received a copy of a hospital report showing a diagnosis of "[c]hronic schizophrenia, paranoid type." J.A. 2 (alteration in original) (quoting J.A. 27). Later that spring, the VA also received an income-net-worth-and-employment statement that reported Mr. Williams had stopped working "due to nerves" and was applying for Social Security benefits. J.A. 2 (citation omitted).

On June 12, 1979, the RO noted that additional evidence was received after the July 1978 rating decision. The RO found that the "HR [(hospital report)] is not new [and] material evid[ence] for the purpose of sc [(service connection)]. Sufficient disability to permanently prevent this 24 y[ear] old vet[eran] from following substantially gainful

employment." J.A. 30. The RO thus confirmed the previous denial of service connection for schizophrenia in a confirmed rating decision (VA Form 21-6789). The confirmed rating decision was never sent to Mr. Williams.

One day later, on June 13, 1979, the RO issued a Statement of the Case that was sent to Mr. Williams. Under the heading "Summary of Evidence and Adjudication Actions," the Statement of the Case lists and describes the alleged new and material evidence, including the February 20, 1979 hospital report, stating that Mr. Williams "was discharged on February 7, 1979, with final diagnosis of chronic schizophrenia, paranoid type." J.A. 35. The Statement of the Case also lists the February 1979 statement that Mr. Williams had stopped working. J.A. 35. The Statement of the Case then goes on to describe the RO's June 12, 1979 decision, stating "[i]t was held this date that no change was warranted in the previous denial of service connection for schizophrenia and of his claim for non-service-connected disability pension. This is the first notice to the veteran of this decision." J.A. 35. Mr. Williams did not perfect his appeal to the Board of Veterans' Appeals.

On June 4, 2009, Mr. Williams submitted a claim to reopen his previously denied claim for service connection for schizophrenia. By May 2021, Mr. Williams had received a 100 percent disability rating for service-connected schizophrenia and special monthly compensation (SMC) based on the need for regular aid and attendance, both with effective dates of June 4, 2009. The Board denied Mr. Williams an earlier effective date, which he appealed to the Veterans Court.

The Veterans Court affirmed the Board's denial of an effective date earlier than June 4, 2009. The Veterans Court considered Mr. Williams's argument that the Board should have addressed whether the VA's failure to send him a copy of the June 12, 1979 confirmed rating decision "impacted the finality of the July 1978 rating decision,"

specifically under 38 C.F.R. § 3.156(b), because the failure to send this confirmed rating decision meant that "the VA failed to provide a determination directly responsive to Mr. Williams's new evidence submitted within one year of the July 1978 Rating Decision." J.A. 5 (citation omitted). The Veterans Court determined that, among other things, Mr. Williams failed (1) to "challenge the Board's finding that the June 1979 [Statement of the Case] considered all the evidence then of record"; (2) to "acknowledge that the June 1979 [Statement of the Case] denied service connection based on its express consideration of the January 1979 VA hospital summary confirming a diagnosis of '[c]hronic schizophrenia, paranoid type' and the February 1979 statement that he stopped working as a result of a nervous condition"; and (3) to "present any argument as to whether the June 1979 [Statement of the Case] was a determination that was directly responsive to that evidence, and he therefore fail[ed] to demonstrate that the July 1978 rating decision's finality could possibly be vitiated under § 3.156(b)." J.A. 7.

Mr. Williams appeals. We have jurisdiction under 38 U.S.C. § 7292(c).

## Discussion

This appeal concerns whether the Veterans Court erred in determining that the VA met the requirements of 38 C.F.R. § 3.156(b) when the RO issued a Statement of the Case in 1979 such that the finality of its 1978 rating decision was not impacted. If Mr. Williams is correct, and the VA may not satisfy the requirements of § 3.156(b) by issuing a Statement of the Case, then Mr. Williams contends his 1978 claim remains pending, and he could be entitled to an effective date prior to June 4, 2009. On the other hand, if Mr. Williams's interpretation of § 3.156(b) is wrong, then the 1978 claim became final when he failed to perfect his appeal following receipt of the 1979 Statement of the Case.

We review the Veterans Court's interpretation of a regulation de novo. *See* 38 U.S.C. § 7292(c); *Breland v. McDonough*, 22 F.4th 1347, 1350 (Fed. Cir. 2022). We start our interpretation analysis with the language of the regulation at issue:

> New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed (including evidence received prior to an appellate decision and referred to the agency of original jurisdiction by the Board of Veterans Appeals without consideration in that decision in accordance with the provisions of § 20.1304(b)(1) of this chapter), will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period.

38 C.F.R. § 3.156(b).[1] Section 3.156(b) thus "provides that the VA must treat (1) new and material evidence (2) received prior to the end of the appeal period (3) as having been filed in connection with the claim that was pending at the beginning of the appeal period." *Pickett v. McDonough*, 64 F.4th 1342, 1345 (Fed. Cir. 2023). Nothing in the language of the regulation states that the VA cannot satisfy its § 3.156(b) obligations in a Statement of the Case.

Turning to our pertinent case law, in *Bond v. Shinseki*, we held that under § 3.156(b) that "the VA must evaluate submissions received during the relevant period and

---

[1] The version of this regulation in effect in 1979 was listed under 38 C.F.R. § 3.156(a) and was later moved to § 3.156(b). For purposes of this appeal, the parties and prior tribunals agree the regulations are substantively similar and refer to the modern version. *See* Oral Arg. at 00:48–1:17, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1840_11062024.mp3.

determine whether they contain new evidence relevant to a pending claim." 659 F.3d 1362, 1369 (Fed. Cir. 2011). There, the VA evaluated whether the evidence it received supported a new claim but failed to consider whether it constituted new and material evidence for a pending claim. *See id.* at 1367–68. And "nothing in the record indicate[d] that the RO or Board" determined whether the evidence submitted was new and material. *Id.* at 1368. We explained that, "[a]bsent any indication in the record that this analysis occurred, we decline to presume that the VA considered, but rejected, the possibility that Mr. Bond's . . . submission contained new and material evidence relating to his [pending] claim." *Id.*

Similarly, in *Beraud v. McDonald*, we reaffirmed the VA's obligation under § 3.156(b) to "provide a determination that is directly responsive to the new submission." 766 F.3d 1402, 1407 (Fed. Cir. 2014). There, the Veterans Court found that a pending claim became final upon the VA's final denial of an identical claim despite the VA's failure to analyze the pending claim under § 3.156(b). *Id.* at 1404. We again held that the VA must make a determination under § 3.156(b), and a pending claim is not finalized until the VA makes the required § 3.156(b) determination. *Id.* at 1407. We also rejected the government's invitation to presume that the VA considered the veteran's submission, as there was "no indication" in the record that the VA had done so. *Id.* at 1406–07. We emphasized that this is especially so in situations where "the government asks us to indulge a presumption that the VA considered records it never obtained." *Id.* at 1407.

We elaborated further in *Pickett* that the VA need not issue a formal determination citing § 3.156(b), but rather there must be at least some indication that "the VA determined whether the submission is new and material evidence and, if so, considered such evidence in evaluating the pending claim." 64 F.4th at 1347. In *Pickett*, a veteran was granted service-connected compensation for post-

traumatic stress disorder and coronary artery disease (CAD) effective April 2004, which he appealed, seeking a higher rating for CAD. *Id.* at 1343. Within the appeal window, the veteran filed an application for total disability based on individual unemployability (TDIU), which is VA Form 21-8940. *Id.* When it denied the veteran's TDIU claim, the RO: (1) listed the VA Form 21-8940 as evidence considered; (2) addressed TDIU entitlement due to CAD; and (3) denied TDIU on the merits. *Id.* at 1343–44. The veteran never appealed that decision. *Id.* at 1344. Later, when he filed another TDIU claim, the veteran argued that his 2004 claim was still pending because the RO did not explicitly state whether VA Form 21-8940 was new and material evidence to his claim seeking a higher CAD rating. *Id.* We disagreed, holding that "an implicit finding" that a submission is or is not new and material evidence satisfies § 3.156(b). *Id.* at 1347.

With this precedent in mind, we hold that the Veterans Court did not err in determining that the record shows that the VA complied with § 3.156(b). In our view, nothing precludes the VA from using a Statement of the Case to demonstrate that it has fulfilled its obligations under § 3.156(b), and the 1979 Statement of the Case meets the requirements of our case law.

First, as long as "there is some indication that the VA determined whether the submission is new and material evidence and, if so, considered such evidence in evaluating the pending claim," our case law does not preclude the VA from meeting this obligation in a Statement of the Case.[2]

---

[2] Our case law has not clearly delineated whether there must be some indication *in the record* or *made to the veteran* that the VA has undertaken the required analysis pursuant to § 3.156(b). Circumstances presented in our prior cases have not required such parsing of the issue.

*Id.* at 1347. Nor does Mr. Williams point to anything in the regulation or our case law to preclude the VA's use of a Statement of the Case to show compliance with § 3.156(b). And we are not persuaded by his argument that the statutory requirements for a Statement of the Case preclude reliance on it to satisfy § 3.156(b). The statute in place at the relevant time did not preclude Statements of the Case from containing a § 3.156(b) analysis, and, in fact, sub-requirement (C) specified that a Statement of the Case must include a "decision on [each] issue . . . and a summary of the reasons therefor," which implies the opposite—i.e., that a Statement of the Case could have "some indication" that the VA performed a § 3.156(b) analysis. 38 U.S.C. § 4005(d)(1)(C) (1979); *see also id.* § 4005(d)(1)–(4).

Second, the 1979 Statement of the Case distinguishes this appeal from *Bond* and *Beraud*, where there was no indication anywhere in the record that the VA considered the additional evidence raised within one year of a claim denial in connection with that claim. Here, the 1979 Statement of the Case lists the new evidence raised after the 1978 denial of Mr. Williams's claim and then states "that no change was warranted in the previous denial of service connection for schizophrenia and of his claim." J.A. 35. There is thus "some indication" that the VA considered the evidence submitted, "implicitly" determined whether said evidence was new and material, and considered it as appropriate in connection with Mr. Williams's pending claim. *Pickett*, 64 F.4th at 1347; *Hampton v. McDonough*,

---

While the record here includes the June 12, 1979 confirmed rating decision, which addressed the alleged new and material evidence but was not sent to Mr. Williams, we do not decide whether the June 12, 1979 rating decision alone would satisfy § 3.156(b) because we affirm the Veterans Court's holding that the June 13, 1979 Statement of the Case does.

68 F.4th 1376, 1381 (Fed. Cir. 2023) (finding an implicit determination sufficient).

Accordingly, because the Veterans Court did not misinterpret § 3.156(b) when it found the VA satisfied its obligations under that regulation when the RO issued a Statement of the Case in 1979, we affirm the Veterans Court's decision.

## CONCLUSION

We have considered Mr. Williams's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Veterans Court's decision denying Mr. Williams's appeal for an earlier effective date for his service-connected disability benefits.

## AFFIRMED

## COSTS

No costs.